Daniel, J.
 

 This was an indictment for a rape. Thé first ground, taken by the prisoner in arrest of judgment, to wit, “ that the bill of indictment does not charge that Mary Ann Taylor is a female ”, was, we think, properly over-ruled by the Court. This question came up before us in the
 
 State
 
 v
 
 Terry,
 
 4 Dev. & Bat. 152, where we decided, that the word “
 
 her,”
 
 used in the indictment, disclosed with sufficient certainty, that the person, stated therein to have been ravished, was a female. This indictment charges that the prisoner “ did make an assault, and he)1 the said Mary Ann Taylor, then and there, violently and against
 
 her
 
 will, felo-liously did ravish and carnally know.” From the language used, the court can and must see with certainty, that Mary
 
 *226
 
 Ann Taylor is a female. The form of this indictment, is agreeable to the one set forth
 
 if
 
 Archbold. C. L. 372. The second ground taken by the prisoner in arrest of judgment, tjaat tjie jn(jictment does not charge that Mary Ann Taylor was a female of the age of ten jrears or more. This objection, we think, was projierly over-ruled by the Court. An indictment for rape never states the age of the female that has been ravished. If indeed she be under the age of ten years, then it is averred in the indictment, because (by force of the Statute) abusing such a female is made felony, whether she assented to the act or not.
 

 We have attentively examined the whole of the record in this case, and we are unable to discover any defect in it. This opinion will be certified, in order that the Superior Court of Bertie County may proceed to pronounce judgment and award execution.
 

 Per Curiam, Ordered accordingly.