### J. J. SLAWSON v. THE STATE.

No. 1377. Decided April 20, 1898.

1. **Aggravated Assault by Means Inflicting Disgrace—Construction of Statute.**

One of the grounds of aggravated assault, as set forth in subdivision 6 of article 601, Penal Code, is "where the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault and battery with a whip or cowhide." Held, the naming of "whip" or "cowhide" was not intended to limit the character of the assault to those means, but any other means which inflicts disgrace is within the contemplation of the statute.

**2. Same—Aggravated Assault Upon a Female—Information.**

See opinion for an information held sufficient to charge an aggravated assault and battery upon a female inflicting disgrace by pulling up her dress and against her will fondling her person and inserting a finger into her vagina.

**3. Same—"Disgrace."**

Disgrace means cause of shame or reproach, that which dishonors, a state of ignominy, dishonor, or shame; and the gravamen of this character of offense, that is, the injury inflicted is "constraint," "a sense of shame,"—expressly so made by statute.

**4. Same—Information—Allegation as to Gender of the Parties.**

An information under subdivision 6, article 601, for an aggravated assault and battery upon a female by a male person, which refers to the defendant by the pronoun "his," and to the assaulted party by the pronoun "her," with reference also to her vagina, sufficiently designates the gender of the respective parties. In this character of case it is not necessary to allege that the defendant was an adult male.

Appeal from the County Court of Burnet. Tried below before Hon. J. A. Crews, County Judge.

Appeal from a conviction for an aggravated assault and battery upon a female; penalty, a fine of $300 and twelve months imprisonment in the county jail.

The information is set out in the opinion.

The testimony of the prosecutrix is as follows: Ida Altman, witness for the State, being sworn, says: "My name is Ida Altman. I am 9 years old. Live in the town of Burnet, Burnet County, Texas. On the 6th day of August, 1897, I went with Joe Slawson, the defendant, to show him the way to Jack Altman's, my brother, who lives on the Colorado River sixteen miles from the town of Burnet, in Burnet County, Texas. We went in a wagon, and on our return home I went to sleep in the rear of the wagon on some corn. I was awakened by Joe pulling up my dress and feeling my legs. I told him to quit, and commenced fighting him, telling him I would get out of the wagon if he did not stop. He continued feeling my legs, body, and vagina, and inserted his finger in what I had [pointing to her vagina]. I was fighting him all the time he was feeling of me. After awhile, Joe then said, 'Will you swear that you will not tell what I have done?' I said, 'I am going to tell mama as soon as I get home.' Joe then said, 'I will stamp you to death if you ever tell,' and again asked me if I would promise not to tell. I said, 'I will swear that I will not tell.' I did not tell for about a month. The reason I did not tell sooner was that I was afraid of Joe Slawson. The defendant is my brother-in-law, and at the time we made the trip to Jack Altman's was living with my mother here in the town of Burnet, Burnet County, Texas. The defendant is 20 years of age. All this occurred in Burnet County, Texas."

No briefs for either party have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $300, and imprisonment in the county jail for twelve months; hence this appeal.

The only question necessary to be considered in order to make a proper disposition of this case is as to the validity of the information. The charging part of the same is as follows: That said J. J. Slawson "then and there unlawfully in and upon Ida Altman did commit an aggravated assault and battery, by means which inflict, and did inflict, disgrace upon the said Ida Altman, to wit, the said J. J. Slawson did then and there pull up the dress of the said Ida Altman, and did then and there, against her (the said Ida Altman) will, feel and fondle her legs, body, and vagina, and did insert his (the said J. J. Slawson) finger, in the said Ida Altman's vagina," etc. Now, it is objected to this information that it does not charge the offense of an aggravated assault, under the statutes of this State, and that it does not allege that appellant was a male person, or that Ida Altman was a female. We would observe that this information is not brought under subdivision 5, article 601, of the Penal Code, which makes an assault by an adult male upon the person of a female or child, etc., an aggravated assault; but the attempt of the pleader was to charge the appellant with an aggravated assault under subdivision 6 of said article. Said subdivision reads as follows; "When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault and battery with a whip or cowhide." So the question presented to us is whether the means here charged is such as inflicts disgrace upon the alleged assaulted party. We do not understand the subdivision in question, by naming a whip or cowhide, to limit an assault made by the character of instruments named. These are merely illustrative. We hold that any means used in making an assault, the natural tendency of which is to disgrace the assaulted party, may be an aggravated assault, under said subdivision. Assuming, then, that the information sufficiently charges that the act was committed by a male person upon a female person, as set out in the indictment, would the natural tendency of such acts and conduct on the part of the accused inflict, or tend to inflict, disgrace upon the alleged injured party? The gravamen of this character of offense (that is, the injury inflicted) is constraint,—a sense of shame. The statute makes it so, and the cases are numerous in support of this proposition. "Disgrace" is defined to be "a cause of shame or reproach; that which dishonors; a state of ignominy, dishonor, or shame." See Cent. Dict.; Webst. Dict. To our minds, unquestionably, the act of a male person treating a chaste female person, against her will and consent, with undue familiarity, and to the extent of forcibly feeling of her private parts, would cause her to feel a keen sense of shame and dishonor. We can conceive of no act which would cause such a female a greater sense of mortification than such conduct. To be compelled to submit to such treatment would tend to degrade her, and if known, to bring her into disgrace. A number of cases might be cited in which convictions for aggravated assaults have been sustained under

an indictment for an assault with an intent to rape. The allegations in such indictments do not bring them under subdivision 5, and they have been sustained only under subdivision 6, because the assault was of a character calculated to inflict disgrace upon the assaulted party. See Curry v. State, 4 Texas Crim. App., 574; Brown v. State, 7 Texas Crim. App., 569; George v. State, 11 Texas Crim. App., 95; Pefferling v. State, 40 Texas, 486.

The remaining question is, does the information sufficiently show that appellant was a male person, and that the prosecutrix was a female? It is not distinctly alleged in the information that appellant was a male, but it is alleged that the said J. J. Slawson did "feel and fondle her legs, body, and vagina, and did insert his finger in the said Ida Altman's vagina." The use of the pronoun "his," it occurs to us, is a sufficient designation that he was a male person. It will be borne in mind that it is not necessary, under subdivision 6, to allege that he was an adult male. So, we take it, the same particularity of pleading is not required under this subdivision as under subdivision 5. It also occurs to us that the expressions here used are a sufficient designation of the gender of the assaulted party. She is repeatedly referred to as "her," and the reference to her vagina sufficiently indicates that she was of the female sex. We accordingly hold that the indictment sufficiently charged appellant with an aggravated assault, and the judgment is affirmed.

*Affirmed.*