### The People of the State of Illinois, Defendant in Error, v. Lawrence De Mas, Plaintiff in Error.

#### Gen. No. 17,187.

1. PANDERING—*information.* Objections to an information charging pandering that it does not allege that the person is a "female person" and that she was induced to remain "as such inmate" go merely to the form.

2. PANDERING—*appeals and error.* On appeal from a judgment on an information charging pandering it is too late to complain of informalities in the information.

3. PANDERING—*sufficiency of information.* An information charging pandering is not insufficient because it begins by saying that Lena Burkett comes "in his own proper person," where it elsewhere appears that such person is a female and furthermore the name "Lena" imports a person of the female sex.

4. JURY—*waiver of jury trial.* A waiver of jury trial signed by the defendant by making his mark is sufficient.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 3, 1912.

J. GRAY LUCAS, for appellant.

JOHN E. W. WAYMAN, for appellee; ZACH HOFHEIMER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The plaintiff in error was arrested upon a *capias* issued upon an information sworn to by Lena Burkett, charging him with the crime of pandering. A jury trial was waived and trial had by the court, which found De Mas guilty, and he was sentenced.

It is claimed that the information is insufficient in that (1) it nowhere alleges that Lena Burkett is a "female *person*;" (2) it is not alleged that she was induced to remain therein *"as such inmate*;" (3) the information begins by saying that Lena Burkett comes "in *his* own proper person."

The first two objections go merely to the form of the information and not to the substantive offense charged. No motion to quash the information was made, nor any motion for a new trial or in arrest of judgment. It is too late now to complain of informality in the information (Hurd's Illinois Statutes, Chapter 38 Div. XI., Secs., 6 and 9). As to the third point, it appears elsewhere in the information more than once that Lena Burkett is a female. Furthermore, the name "Lena" imports a person of the female sex. People v. Pizzi, 170 Ill. App. 537.

A suggestion is made that the waiver of a jury trial being signed by plaintiff in error making his mark, is not sufficient. Such a signing is sufficient. The judgment is affirmed.

*Affirmed.*