The People of the State of Illinois, Defendant in Error, v. Morris Mansfield, Plaintiff in Error.

## Gen. No. 18,085.

1. PANDERING—*when information charges.* An information charging the offense of pandering in the language of the statute is sufficient.

2. PANDERING—*when information insufficient.* An information charging pandering which fails to designate the female person procured by defendant as an inmate for a house of prostitution is insufficient.

3. CRIMINAL LAW—*name "Minnie" imports female.* In an information for pandering the name "Minnie" imports a person of female sex.

4. PANDERING—*conviction sustained.* A conviction upon a general finding for pandering is sustained where two of the three offenses defined in the statute are sufficiently charged though the third offense is insufficiently charged.

Error to the Municipal Court of Chicago; the Hon. ISADORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 30, 1913.

LOUIS GREENBERG, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of conviction of plaintiff in error in the Municipal Court of the offense of pandering in manner and form as charged in the information. Plaintiff in error waived trial by jury, entered his plea of not guilty, and the trial was by the court. The record contains no bill of exceptions.

The only error assigned and argued is that the information fails to charge any offense upon which a judgment of conviction may be predicated.

The information charges that Morris Mansfield late of the said City of Chicago, heretofore, to-wit: on or about the 18th day of August, A. D. 1911, at the City of Chicago, aforesaid, did then and there procure a female inmate, for a house of prostitution and did then and there by promises and other devices and schemes, cause, induce, persuade and encourage one Minnie Schneider, a female to become an inmate of a house of prostitution, at the premises known as No. 815 W. Monroe Street, in said City of Chicago, and did then and there procure a place as inmate in a house of prostitution for the said Minnie Schneider, contrary to the form of the statute in such case made and provided, etc.

The statute defining the offense of pandering, so far as it is here pertinent, is as follows:

"Any person who shall procure a female inmate for a house of prostitution or who, by promises, threats, violence or by any device or scheme, shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution, or shall procure a place as inmate in a house of prostitution for a female person, or  *   *   *  , shall be guilty of pandering, and upon a first conviction for an offense under this act shall be punished by imprisonment in the county jail or house of correction for a period of

not less than six months nor more than one year and by a fine of not less than three hundred dollars and not to exceed one thousand dollars, * * * ." Paragraph 57g, chap. 38, Hurd's Stat. 1911.

It will be observed that each of several separate and distinct offenses is defined by the statute as "pandering." The several offenses are of the same grade and subject the offender to the same punishment. By the information in question it was evidently purposed to charge plaintiff in error with three separate offenses, (1), procuring a female inmate for a house of prostitution, (2), by promises, threats, violence or by some device or scheme, causing, inducing, persuading and encouraging a female person to become an inmate of a house of prostitution, (3), procuring a place as inmate in a house of prostitution for a female person.

It may be conceded that the information is wholly insufficient to charge the first offense, because it fails to designate the female person procured by plaintiff in error as an inmate for a house of prostitution, but this fatal defect or omission does not exist in the information as to the second and third offenses charged. The second offense is charged in the language of the statute and embraces every essential element necessary to be established by the prosecution. With respect to the third offense the information does not charge that Minnie Schneider is a female person, but the name "Minnie" imports a person of the female sex. *People v. DeMas,* 173 Ill. App. 130.

The conviction was upon a general finding and may be sustained, although the first offense is defectively charged, where the second offense is sufficiently charged. *People v. Smith,* 239 Ill. 91; *People v. Mc-Cann,* 247 Ill. 130.

The sufficiency of the information was not challenged in the court below. No bill of particulars was requested and no motion for a new trial or in arrest of judg-

ment was interposed. Upon the present record the information is sufficient to sustain the conviction. *People v. Greenberg*, 172 Ill. App. 360; *People v. Yon*, 173 Ill. App. 651.

The judgment is affirmed.

*Judgment affirmed.*