## JAMES W. FOWLER V. STATE

No. 31,379. January 27, 1960
Motion for Rehearing Overruled March 16, 1960

*William H. Scott, Jr.*, Houston, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr., F. Lee Duggan, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for aggravated assault with punishment assessed at a fine of $250.00.

The prosecutrix was the wife of a university student who worked part time at a men's store where appellant was employed.

There had been some conversation between the three concerning her return to a modeling career, and appellant offered to help by obtaining a photographer to take some photographs of her to submit to various agencies.

Appellant came to her apartment about 5:50 P.M., while her husband was working, and told her the photographer would arrive shortly, but if he was not there by 6 o'clock he would proceed with the measurements of her body.

The photographer did not arrive and appellant began by measuring her neck and arms. He asked if she had any padding in her "bra" and, when she said she did, told her to remove the "bra", and she went into another room and did so.

The prosecturix testified that she returned to the room wearing a loose fitting blouse; that appellant, who the evidence shows was an adult male, "suddenly reached up and grabbed my breasts and he saw I was shocked" and later he "grabbed at it again".

The prosecutrix testified that appellant's conduct caused her to feel a sense of shame and disgrace, but she did not call or cry out because she was afraid of what he would do if she did call out. As soon as appellant left she notified her husband.

Appellant denied this or any other assault upon the prosecutrix during the taking of her measurements.

The court, in his charge, defined "assault and battery" and instructed the jury as to the punishment when an assault is committed by means used such as inflicts disgrace upon the person assaulted.

A conviction was authorized upon a finding by the jury, beyond a reasonable doubt, that appellant was an adult male and that he made an aggravated assault upon the prosecutrix, she being a female, and also upon a finding beyond a reasonable doubt that appellant made an aggravated assault upon the prosecutrix "by means used such as inflicted disgrace upon the person" of the prosecutrix.

"Disgrace" was defined as meaning "a cause of shame or reproach, that which dishonors, a state of ignominy, dishonor, or shame."

The jury was instructed that if they did not so believe, or if they had reasonable doubt thereof, to find appellant not guilty.

The jury was also instructed: "if you believe from the evidence that the defendant placed his hands upon Barbara Hathaway, but did so without intention to injure her or her feelings, and with probable grounds to believe that such action would not be objectionable to her, or if you have a reasonable doubt thereon, you will find the defendant not guilty and so say by your verdict."

The charge in the particular mentioned, fully protected appellant's rights.

Appellant having denied that he used any indecent conduct or undue familiarity with the person of the prosecutrix, a charge that if he did so but such did not create a sense of shame or other disagreeable emotion was not called for and its omission was not prejudicial.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

### ON MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant complains of our failure to pass upon his contention that the court erred in overruling his motion to quash the first count of the information on the ground that the allegations therein were insufficient to charge the offense.

The information contained two counts which charged that on or about the 11th day of May, 1959, the appellant did make an aggravated assault upon the female named therein.

Both counts were submitted to the jury and a general verdict of guilty was returned by the jury.

The first count, in charging that appellant committed an aggravated assault upon the female, alleged that he "did then and there place his hands and arms on and about the person of the said***, and did then and there by said means inflict disgrace upon the said***and by the use of such indecent familiarity did cause the said***to feel a sense of shame."

This count of the information appears to have been drawn under subd. 6 of Art. 1147, V.A.P.C. which provides that an assault and battery shall become aggravated "when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault and battery with a whip or cowhide." It is held that this subdivision of the statute does not limit the

character of the assault to the use of a whip or cowhide but the use of any means naturally tending to disgrace the assaulted party may be an aggravated assault. Gray v. State, 158 Tex. Cr. R. 214 S.W. 2d 391. We find the allegations of the first count of the information sufficient to charge an offense under subd. 6 of the statute.

It is observed that if, for any reason, the court should have granted appellant's motion to quash the first count of the information, the conviction may be sustained under the second count which charged an aggravated assault when committed by the adult male upon a female as defined in subdivision 5 of Art. 1147, supra. The jury's general verdict could be applied to this good count of the information which is supported by proof in the record. 42 Tex. Jur. par. 373, pages 478-480; and Brunk v. State, 109 Tex. Cr. R. 474, 6 S.W. 2d 353.

We have again examined the record in the light of appellant's remaining contention and remain convinced that a proper disposition was made of the case in our opinion on original submission.

The motion for rehearing is overruled.

Opinion approved by the Court.