## DANIEL MANGAN V. STATE

Nos. 33,091 and 33,092. March 22, 1961

WOODLEY, Presiding Judge, absent.

*John Cutler,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Edward N. Shaw, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

Appellant was charged by information in County Court at Law No. 2 of Harris County, in Cause Nos. 146,950 and 146,-953, with two separate offenses of aggravated assault.

The two cases, by agreement, were tried jointly and separate verdicts returned by the jury finding appellant guilty and assessing his punishment in each case at confinement in jail for 30 days.

Upon such verdicts, judgments were rendered by the court in the cases adjudging the appellant guilty of aggravated assault and fixing his punishment as assessed by the jury.

Appellant has perfected his appeal to this court from the judgments and the two appeals will be disposed of in one opinion.

The complaint and information in each case charged that, on or about the 23rd day of July, 1960, the appellant did commit an aggravated assault upon the female named therein and alleged that he "did then and there place his hands and arms on and about the person of the said * * *, and did then and there by said means inflict disgrace upon the said * * * and by the use of such indecent familiarity did cause the said * * * to feel a sense of shame."

Appellant filed a motion to quash the complaint and information in each case in which he alleged, as grounds therefor that he was charged with the offense of aggravated assault when committed by an adult male upon the person of a female pursuant to Art. 1147(9), V.A.P.C., and that the complaint and information failed to allege that he was an "adult male." In overruling the motion to quash, the court did not err. The complaint and information in each case properly charged an aggravated assault under Art. 1147(5), V.A.P.C., which provides that an assault and battery shall become aggravated "when the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault and battery with a whip or cowhide." In charging the offense under this subdivision, it was not necessary to allege that appellant was an "adult male." Slawson v. State, 39 Tex. Cr. R. 176, 45 S.W. 575; Gray v. State, 158 Tex. Cr. R. 214, 254 S.W. 2d 319; and Fowler v. State, 169 Tex. Cr. R. 172, 333 S.W. 2d 123.

Briefly, the state's testimony shows that on the night in question the prosecuting witnesses, two girls 16 and 18 years of age, attended a dance at the Y. W. C. A. in the city of Houston. Around 10:00 p.m. they left the dance floor and went to the ladies rest room. After they entered, appellant came into the rest room and went into a compartment. In some five minutes, appellant came out of the compartment with his pants unzipped, holding his penis in his hand. Appellant then proceeded to grab the wrist of one of the prosecuting witnesses with his hand and then grabbed the wrist of the other. Thereupon, the girls screamed and ran out of the rest room. Appellant also ran outside and was caught by some boys who were present at the dance. Both prosecuting witnesses testified that appellant's acts caused them to have a feeling of shame and embarrassment and inflicted disgrace upon each of them.

As a witness in his own behalf, appellant testified that, on the night in question, he had consumed a quantity of beer and whiskey, and was in such condition that he could not remember many

of the things which happened after he reached the dance. Appellant stated that he did not remember the incidents about which the prosecuting witnesses testified, and called a witness who corroborated his testimony with reference to his being drunk.

We find the evidence sufficient to sustain the conviction.

Appellant filed a plea of former conviction in which he alleged that on August 12, 1960, he was found guilty in Corporation Court No. 3 of the City of Houston, upon a plea of nolo contendere, of the offense of indecent exposure arising out of the same transaction for which he was on trial in the instant cases. Proof was offered by appellant in support of the plea. Complaint is made to the court's overruling of the plea and refusing to submit the same to the jury. In overruling the plea, the court did not err. Art. 536, V.A.C.C.P., provides:

"A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense"

Under the statute, appellant's prosecution in corporation court, upon complaint for indecent exposure, would not bar his prosecution in the county court for the higher grade offense of aggravated assault. Henkle v. State, 27 Tex. App. 510, 11 S.W. 617; Caudle v. State, 57 Tex. Cr. R. 363, 123 S.W. 413; and Ex parte Hernandez, 126 Tex. Cr. R. 71 303 S.W. 2d 289.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgments are affirmed.

Opinion approved by the Court.