LOWE'S OF RALEIGH, INC. v. WILLIS WORLDS AND LOIS WORLDS
No. 6923SC76

(Filed 2 April 1969)

1. Judgments § 14— default judgment — sufficiency of pleadings

A default judgment admits only the averments in the complaint, and the defendant may still show that such averments are insufficient to warrant the plaintiff's recovery.

2. Judgments § 14— default judgment — failure of complaint to state cause of action

A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff. G.S. 1-211.

3. Judgments § 14— default judgment — sufficiency of complaint

If complaint fails to state a cause of action as against one defendant, a default judgment against that defendant cannot be supported and must be set aside even without any showing of mistake, surprise or excusable neglect.

4. Evidence § 3— judicial notice

Courts may take judicial notice of facts of general knowledge.

**5. Evidence § 3—    judicial notice — gender of personal pronoun**

Courts will take judicial notice of the fact that certain names are ordinarily given only to one of the sexes and that the gender of a personal pronoun may identify sex.

**6. Evidence § 3—    judicial notice — names**

It is a matter of general common knowledge of which the court will take judicial notice that the name "Willis" is ordinarily given only to a male and the name "Lois" is ordinarily given only to a female.

**7. Sales § 10;    Judgments § 14—    action to recover purchase price of goods — default judgment — sufficiency of complaint**

In seller's action against "Willis Worlds" and "Lois Worlds" to recover purchase price of goods sold and delivered, where all the allegations in plaintiff's complaint, other than those in the paragraph relating solely to defendants' place of residence, refer to a single defendant, and where the personal pronoun "his" is used in paragraph alleging that defendant had promised to pay for the goods sold and delivered, the complaint fails to state a cause of action against the femme defendant and cannot support a default judgment against her.

APPEAL by defendant Lois Worlds from *Collier, J.,* September 1968 Session of WILKES Superior Court.

Plaintiff by its verified complaint alleged:
"The plaintiff, complaining of the *defendant,* alleges:

"1.   The plaintiff is a North Carolina corporation, with its principal office in North Wilkesboro, Wilkes County, North Carolina.

"2.   The defendants, Willis Worlds and Lois Worlds, are residents of Clayton, Johnston County, North Carolina.

"3.   Commencing on or about April 25, 1966, and continuing through June 7, 1966, the plaintiff sold and delivered to the *defendant* goods, wares and merchandise and charged the same to the account of the *defendant* at the *defendant's* request and upon *his* promise to pay for the same. There is now a balance due on said account in the sum of $4,271.72.

"4.   The *defendant is* indebted to the plaintiff on an open account for goods sold and delivered in the sum of $4,271.72, with interest thereon from the 23rd day of November, 1966. Demand has been made upon the *defendant* for payment and payment has not been made, and the plaintiff is entitled to judgment against the *defendant.*

"WHEREFORE, the plaintiff prays that it have and recover judgment against the *defendant* in the sum of $4,271.72, with

interest thereon from the 23rd day of November, 1966, together with the costs of this action." (Emphasis added.)

Summons with copy of the complaint was served on both defendants on 6 June 1967. By agreement of counsel for plaintiff, the defendants were granted until 26 July 1967 within which to answer or otherwise plead. On 26 July 1967 the clerk of superior court for good cause granted defendants until 14 August 1967 in which to answer, demur or otherwise plead.

On 1 December 1967 judgment by default final was rendered against both defendants. On 6 April 1968 the defendant, Lois Worlds, filed motion to set aside the default judgment on the grounds that the complaint stated no cause of action against her. The clerk of superior court denied the motion. On appeal, the judge of superior court also denied the motion, finding that the complaint stated a cause of action and that the movant had presented no evidence showing mistake, surprise or excusable neglect. From the order denying her motion to set aside the default judgment as against her, defendant Lois Worlds appealed.

*Ralph Davis for plaintiff appellee.*

*L. Austin Stevens for defendant appellant.*

Parker, J.

**[1-3]** The sole question presented by this appeal is whether the complaint stated a cause of action against the appealing defendant, Lois Worlds. A default judgment admits only the averments in the complaint, and the defendant may still show that such averments are insufficient to warrant the plaintiff's recovery. *Beard v. Sovereign Lodge*, 184 N.C. 154, 113 S.E. 661. A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff. G.S. 1-211; *Cohee v. Sligh*, 259 N.C. 248, 130 S.E. 2d 310; *Presnell v. Beshears*, 227 N.C. 279, 41 S.E. 2d 835. Accordingly, if the complaint in the present action failed to state a cause of action as against Lois Worlds, the default judgment against her cannot be supported and must be set aside even without any showing of mistake, surprise or excusable neglect.

It should be noted that the complaint complains of the *defendant* in the singular, and alleges that plaintiff sold and delivered to the *defendant* upon *his* promise to pay, and that the *defendant is* indebted to the plaintiff. The only allegation in the complaint relating to both defendants is in paragraph 2, alleging that they are

residents of Johnston County. The complaint clearly stated a cause of action against a male defendant. It stated no cause of action against a female defendant.

**[4, 5]** Courts may take judicial notice of facts of general knowledge. 3 Strong N.C. Index 2d, Evidence, § 3, p. 596. This includes taking judicial notice of the fact that certain names are ordinarily given only to one of the sexes and that the gender of a personal pronoun may identify sex. Long ago the North Carolina Supreme Court held that identification in a bill of indictment of the victim of the crime as "Mary Ann Taylor," along with the use of the personal pronoun "her," was sufficient to indicate that the victim was a female. *State v. Farmer,* 26 N.C. 224. The same decision had been reached in an even earlier case in which the victim had been identified as "Mary M. Cook" and the personal pronoun "her" had been used in the bill of indictment. *State v. Goings,* 20 N.C. 289. Courts on other states have similarly held that certain names designate females. *People v. Mansfield,* 181 Ill. App. 710 (Minnie); *People v. De Mas,* 173 Ill. App. 130 (Lena); *People v. Pizzi,* 170 Ill. App. 537 (Ethel); *State v. Hussey,* 7 Iowa 409 (Nancy); *Tillson v. State,* 29 Kan. 452 (Ruth); *Taylor v. State,* 86 Neb. 795 (Pearl); *Taylor v. Commonwealth,* 61 Va. 825 (Ellen and Frances). A Texas Court has held that use in an information of the personal pronoun "his" sufficiently identified the defendant as being a male and use of the personal pronoun "her" sufficiently identified the victim as being female. *Slawson v. State,* 39 Tex. Crim. 176, 45 S.W. 575.

**[6, 7]** It is a matter of general common knowledge that the name "Willis" is ordinarily given only to a male and the name "Lois" is ordinarily given only to a female. The name "Willis" is included in a list of common English given names for men found in Webster's New Collegiate Dictionary, 1961 Edition, p. 1134, and the name "Lois" is included in a similar list of given names for women, Id., p. 1136. Accordingly, this Court may take judicial notice in this case that "Willis Worlds" refers to a male and that "Lois Worlds" refers to a female. Since all allegations in plaintiff's complaint, other than those in paragraph 2 which related solely to the place of residence of the defendants, refer to a single defendant and since the personal pronoun "his" is used in paragraph 3 in alleging that the defendant had promised to pay for the goods which plaintiff had sold and delivered, the essential allegations which stated a cause of action referred only to the male defendant, Willis Worlds. There were no allegations as to any type of relationship between the defendant Willis Worlds and the defendant Lois Worlds through which Lois could be held liable for his promise to pay. The complaint

failed to state a cause of action against the defendant Lois Worlds and cannot support a default judgment against her. She is entitled to have the default judgment set aside insofar as it affects her. The order appealed from is reversed and this case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MALLARD, C.J., and BRITT, J., concur.