LARRY THOMAS JUSTUS v. ROBERT J. DEUTSCH, ATTORNEY-IN-FACT FOR
NANCY REVIS JUSTUS MASON, NANCY REVIS JUSTUS MASON, AND RAN-
DOLPH C. ROMEO, TRUSTEE

No. 8229SC560

(Filed 21 June 1983)

**Mortgages and Deeds of Trust § 9— action for breach of agreement to execute
release deeds—summary judgment**

    In plaintiff's action for breach of contract to execute release deeds pur-
suant to a settlement agreement under which plaintiff executed a $90,000.00
note payable to defendant and secured by a deed of trust on land, plaintiff was
given the right to sell portions of the encumbered land, defendant agreed to
release the land "at the time of the sale," and plaintiff agreed to apply the net
proceeds of sale first to a superior bank lien and then to the $90,000.00 note to
defendant, the trial court properly granted summary judgment for defendant
on plaintiff's claim and properly denied plaintiff's motion for summary judg-
ment on defendant's counterclaim based on breach of the settlement agree-
ment where the evidence tended to show that defendant refused to execute
release deeds and instituted foreclosure proceedings because plaintiff was in
default for failure to pay real property taxes; all release deeds requested by
plaintiff prior to the due date of the note were executed by defendant;
delivery of offer to purchase forms did not meet the requirements for a release
"at the time of sale"; and five of the six offers to purchase required seller
financing by plaintiff, which would be a breach of the settlement agreement
since the net proceeds would not be available for application to the bank lien
and then to defendant's note.

APPEAL by plaintiff from *Kirby, Judge.* Order entered 19
February 1982 in Superior Court, HENDERSON County. Heard in
the Court of Appeals 18 April 1983.

This is an action seeking injunctive relief and monetary
damages for breach of contract for failure to execute release
deeds.

The plaintiff and the defendant Mason entered into a con-
tract entitled "Settlement Agreement" on 2 March 1979. The
stated purpose of the contract was to settle all issues involved
with a partition proceeding instituted by the defendant to obtain
her interest in real property owned jointly by the parties in
Henderson County. The parties were divorced in 1977.

Under the terms of the agreement, Mason deeded to the
plaintiff her interest in certain real property. The plaintiff ex-
ecuted a note for $90,000 payable to the defendant, which was due

on 2 March 1980. The note was secured by a deed of trust on land in Henderson County, part of which was already subject to a $50,000 deed of trust payable to the Bank of North Carolina. The defendant Romeo was the trustee in the deed of trust to secure the plaintiff's $90,000 note.

The agreement provided further that the plaintiff could sell portions of the encumbered property "in his complete discretion" and that Mason would release the property "at the time of the sale. . . ." The plaintiff agreed to apply the net proceeds from the sale of the encumbered property first to the superior lien of the Bank of North Carolina. After that indebtedness was completely satisfied, the net sale proceeds from the encumbered property were to be used to satisfy the $90,000 note.

On 4 February 1980, the plaintiff's lawyer, James H. Toms, mailed a release deed to defendant Deutsch, Mason's attorney-in-fact under a power of attorney executed by her. Toms asked Deutsch to have the deed executed.

Deutsch refused to execute the release deed in a 12 February 1980 letter to Toms because he contended that the plaintiff was in default for failure to pay real property taxes. Deutsch then instructed trustee Romeo to begin foreclosure proceedings in a 13 February 1980 letter.

A number of affidavits were filed in support of the plaintiff's complaint. They indicated that he had opportunities to sell portions of the encumbered property in early 1980, but was unable to do so because of his inability to procure release deeds from the defendants.

Defendants Deutsch and Mason counterclaimed against the plaintiff, alleging a failure to comply with the settlement agreement. Mason sought a return of the land that she deeded to the plaintiff under the agreement and additional real property security for the $90,000 note in her favor.

The trial judge granted the defendants' motion for summary judgment. He denied a like motion by the plaintiff as to the defendants' counterclaim. The plaintiff made a timely appeal of the grant of the defendants' motion for summary judgment. This Court granted a writ of certiorari in order to review the denial of his summary judgment motion.

*James C. Coleman for the plaintiff-appellant.*

*Prince, Youngblood, Massagee & Creekman, by Boyd B. Massagee, Jr., for the defendant-appellees.*

ARNOLD, Judge.

Because we find that there are no genuine issues of fact to be resolved in this case, we affirm entry of summary judgment for the defendants and denial of a like motion by the plaintiff. To understand our holding, a review of when this remedy should be used is helpful.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact. . . ." It is a "drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Spector Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

In *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied,* 281 N.C. 516, --- S.E. 2d --- (1972), the court defined two terms that are determinative on a summary judgment question.

> An issue is *material* if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated *"genuine"* if it may be maintained by substantial evidence.

280 N.C. at 518, 186 S.E. 2d at 901 (emphasis added). In addition to no issue of fact being present, to grant summary judgment a court must find "that on the undisputed aspects of the opposing evidential forecasts the party given judgment is entitled to it as a matter of law." 2 McIntosh, N.C. Practice and Procedure § 1660.5

(2d ed., Phillips Supp. 1970). *See also,* W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d ed. 1981).

The defendants argue that the plaintiff was in default because he did not pay the real property taxes that were due on the encumbered property. They also contend that all requests for release deeds from the plaintiff were met before the due date of the note.

The plaintiff contends that the defendants incorrectly declared the note payable before its due date. He argues, by implication, that if he had been given release deeds for the encumbered property, he could have met his obligation under the settlement agreement.

The record before us supports our decision. First, all release deeds that the plaintiff requested were executed by the defendants prior to the due date of the note. In his answer to the defendants' interrogatories on 29 December 1980, the plaintiff attached "copies of *all* release deeds" (emphasis added). Although in another answer the plaintiff stated that "based on information and belief" there were other release deeds offered to the defendants, that mere allegation is not sufficient to overcome the entry of summary judgment.

Second, the plaintiff was in default under the deed of trust for not paying the 1979 real property taxes. G.S. 105-360 provides that real property taxes are due in September of the fiscal year in which they were levied. Although the deed of trust was not printed in the record on appeal, we accept the admission on oral argument by both counsel that failure to pay real property taxes is default that allows the defendant Mason to institute foreclosure proceedings.

Third, the terms of the agreement require the defendant Mason to release the encumbered property "at the time of sale." Delivery of offer to purchase forms is not sufficient to meet this requirement.

In addition, five of the six offers to purchase in the record required seller financing by the plaintiff. This would be a breach of the settlement agreement, which provides that any net proceeds from the sale of encumbered property must first be used to pay the debt to the Bank of North Carolina and then applied to the

$90,000 debt to Mason. The net proceeds would not be available in a sale in which the plaintiff was financing part of the purchase price.

Finally, the plaintiff argues that because the agreement was executed under seal that the defendants' counterclaim cannot be allowed on a failure of consideration theory. It is true that a contract under seal in North Carolina imports consideration to support that contract. *See, e.g., Mobil Oil Corp. v. Wolfe*, 297 N.C. 36, 252 S.E. 2d 809 (1979). But the defendants were properly given summary judgment because the plaintiff's default was a breach of the agreement which entitled the defendants to a grant of their motion.

For these reasons, we affirm the trial judge's grant of the defendants' summary judgment motion and denial of the plaintiff's summary judgment motion.

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.