ALC Mfg., Inc. v. J. Streicher & Co., 2020 NCBC 40.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 1317

ALC MANUFACTURING, INC. d/b/a
Rocky Ridge Custom Trucks,

        Plaintiff,

v.

J. STREICHER & CO., LLC; and
BBP BANDENIA, PLC,

        Defendants.

**ORDER AND OPINION ON
DEFENDANT BBP BANDENIA, PLC'S
MOTION TO SET ASIDE DEFAULT,
FOR RELIEF FROM JUDGMENT,
AND TO STAY ENFORCEMENT**

1.     **THIS MATTER** is before the Court on Defendant BBP Bandenia, PLC'S ("Bandenia") Motion to Set Aside Default, for Relief from Judgment, and to Stay Enforcement (the "Motion") filed January 17, 2020 in the above-captioned case. (ECF No. 41.)

2.     After withdrawal of certain arguments, Bandenia's Motion now presents a single issue for the Court's consideration: whether the default judgment entered against Bandenia on June 4, 2019 should be vacated based on Bandenia's contention that the agreement supporting the breach of contract claim on which the default judgment is based is unenforceable for lack of consideration. (Def. Bandenia's Notice Withdrawal Certain Args. & Bases Mot. Set Aside Default, Relief from J., & Stay Enforcement 1 [hereafter "Withdrawal"], ECF No. 58.)

3.     Having considered the Motion, the materials submitted in support of and opposition to the Motion, the arguments of counsel at the May 6, 2020 videoconference hearing on the Motion, and other appropriate matters of record, the Court hereby **DENIES** Bandenia's Motion for the reasons set forth below.

*James, McElroy & Diehl, P.A., by Adam L. Ross, Jennifer M. Houti, and Christopher T. Hood, for Plaintiff ALC Manufacturing Inc. d/b/a Rocky Ridge Custom Trucks.*

*Carnes Warwick, PLLC, by Jonathan A. Carnes, for Defendant BBP Bandenia, PLC.*

*Everett Gaskins Hancock LLP, by James M. Hash, for Defendant J. Streicher & Co., LLC.*

Bledsoe, Chief Judge.

## I.

## PROCEDURAL BACKGROUND

4.    Plaintiff filed its Complaint initiating this action on January 22, 2019, (Compl., ECF No. 3), asserting various claims against Defendant J. Streicher & Co., LLC ("Streicher"), (Compl. ¶¶ 66–93), and a single claim for breach of contract against Bandenia, (Compl. ¶¶ 94–99), a company organized and based in the United Kingdom, (Compl. ¶ 3).  To support its claim against Bandenia, Plaintiff alleged that Plaintiff, Bandenia, and Streicher entered into a valid and enforceable settlement agreement (the "Settlement Agreement"), "supported by valid and adequate consideration," (Compl. ¶ 95), on July 18, 2017 that requires, among other things, Bandenia and other parties to pay Plaintiff $850,000, (Compl. ¶¶ 58–59, Ex. 1). Plaintiff averred that Bandenia paid only $200,000 under the Settlement Agreement and failed to pay the remaining $650,000 due under the Agreement.  (Compl. ¶¶ 61, 64–65.)

5.    Plaintiff served a copy of the Summons and Complaint on Bandenia on January 24, 2019 and again on February 15, 2019.  (*See* Aff. Service Def. Bandenia,

ECF No. 24.) Bandenia never filed a notice of appearance, any type of responsive pleading, or any other document with the Court or the Mecklenburg County, North Carolina Clerk of Superior Court.

6.     On February 5, 2019, Streicher filed a Notice of Designation. (ECF No. 4.) The action was designated as a mandatory complex business case by Order of the Chief Justice on February 6, 2019, (ECF No. 1), and assigned to the undersigned on the same day, (ECF No. 2).

7.     On April 11, 2019, Plaintiff filed a verified motion for entry of default and default judgment.  (Verified Mot. Entry Default & Default J. Against Def. BBP Bandenia, PLC [hereafter "Mot. Entry Default"], ECF No. 26.)  Counsel for Plaintiff served a copy of the motion on Bandenia by placing the filing in the United States Mail addressed to Bandenia in London, United Kingdom.  (Mot. Entry Default 5.)

8.     The Court entered default against Bandenia under Rule 55(a) of the North Carolina Rules of Civil Procedure ("Rule(s)") on April 30, 2019.  (Order Entering Default, ECF No. 32.)

9.     The Court subsequently entered default judgment against Bandenia on June 4, 2019 in the total amount of $658,951.80 (the "Default Judgment").  (Order Pl.'s Verified Mot. Default J., ECF No. 33.)  Plaintiff served the Default Judgment on Bandenia in London on June 11, 2019.  (Certificate Service, ECF No. 34.)  In the Default Judgment, the Court found that "the 2017 Agreement represented a valid contract between Plaintiff and Bandenia[,]" "Bandenia materially breached the 2017 Agreement by failing to pay the remaining principal of $650,000 and interest owed

pursuant to that agreement[,]" and "Plaintiff's Complaint thus states a claim for breach of contract against Bandenia." (Order Pl.'s Verified Mot. Default J. ¶ 17.)

10. On June 25, 2019, the Court received by mail a notarized "Request for a Stay of Proceedings" ("Request") dated June 13, 2019 from Fabio Pastore ("Pastore") in London, who represented that he was a Director and the Chief Executive Officer of Bandenia. In the Request, Pastore, who is not a lawyer admitted to practice law in North Carolina, contested the adequacy of Plaintiff's service on Bandenia in the United Kingdom, attacked the merits of Plaintiff's claim against Bandenia, and requested that the Court stay this proceeding for at least six weeks to allow Bandenia "to receive the necessary documents from the Plaintiff to mount a defense." (Order Request Stay Proceedings Ex. A, ECF No. 37.)

11. On June 26, 2019, the Court denied the Request based on Bandenia's failure to comply with applicable procedural rules and because Bandenia, as a corporation, may only appear in the courts of this State through North Carolina-admitted counsel. (Order Request Stay Proceedings 2–3); *see also LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002) (holding a North Carolina "corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*").

12. On July 8, 2019, Plaintiff dismissed all claims against Streicher with prejudice. (Voluntary Dismissal Prejudice, ECF No. 38.)

13. On September 9, 2019, Plaintiff began efforts against Bandenia to collect on the Default Judgment in the United Kingdom, (Aff. Adam L. Ross ¶ 11, ECF No. 46;

Aff. Adam L. Ross Ex. D, ECF No. 46.5). In response, Bandenia filed an Insolvency Act Application Notice ("Application") on October 2, 2019 with the High Court of Justice in London in an effort to keep Plaintiff from winding up Bandenia's affairs based on its debt to Plaintiff. (Aff. Adam L. Ross ¶ 11; Aff. Adam L. Ross Ex. E, ECF No. 46.6.)

14. In support of that Application, Pastore submitted a Witness Statement on the same day stating, "While I accept that default judgment was granted against BBP, I do not accept that it should have been and, in any event, I believe that that judgment ought to be set aside." (Aff. Adam L. Ross Ex. F, at ¶ 6 [hereafter "Pastore Statement"], ECF No. 46.7.) Pastore claimed that he never received the Summons issued in this action and that he only became aware of this litigation after the Default Judgment had been entered against Bandenia. (Pastore Statement ¶ 7.) Pastore further averred that Bandenia was "now instructing lawyers in North Carolina to make an application to have the Default Judgment set aside[,]" as Bandenia's attempt to have the judgment stayed in North Carolina was not successful. (Pastore Statement ¶¶ 8–9.)

15. On October 16, 2019, Arkady Bukh ("Bukh"), an attorney at Bukh Law Firm PLLC in Brooklyn, New York, submitted to the High Court of Justice a signed Witness Statement on behalf of Bandenia stating that his firm had been retained "to assist in vacating [the] default judgment through local counsel admitted in North Carolina." (Aff. Adam L. Ross Ex. G, at ¶ 6, ECF No. 46.8.) Bukh has not sought to appear before this Court at any point in this case.

16. On January 17, 2020—seven months and thirteen days after the Default Judgment was entered against Bandenia and three months and fifteen days after Bandenia filed the Application—North Carolina-licensed counsel filed the Motion on behalf of Bandenia.

17. Although the Motion originally contained several purported grounds for relief under Rule 60(b), on March 20, 2020, Bandenia filed a Notice of Withdrawal of Certain Arguments and Bases for Motion for Relief, (Withdrawal), and a revised supporting brief, (Def. Bandenia's Mem. Supp. Mot. Set Aside Default, Relief from J., & Stay Enforcement [hereafter "Def. Mem. Supp."], ECF No. 59), withdrawing all but its argument concerning lack of consideration as its basis for the Motion. In particular, Bandenia withdrew any defense it might have that ALC failed to properly serve the Complaint on Bandenia. (*Compare* Withdrawal *with* Def. Bandenia's Mem. Supp. Mot. Set Aside Default, Relief J., & Stay Enforcement 7, ECF No. 42 ("[T]he default judgment should be vacated because it is void under Rule 60(b)(4), due to improper service on Bandenia and the fact that the North Carolina court never acquired proper jurisdiction over Bandenia[.]")

18. With the consent of all parties, the Court held a hearing on the Motion on May 6, 2020 via videoconference,[1] at which all parties were represented by counsel. The Motion is now ripe for resolution.

---

[1] On May 1, 2020, the Chief Justice of the Supreme Court of North Carolina continued eight emergency directives through May 30, 2020, including a directive authorizing judicial officials to conduct proceedings that include remote audio and video transmissions. Order of the Chief Justice of the Supreme Court of North Carolina 3 (May 1, 2020), https://www.nccourts.gov/assets/news-uploads/1%20May%202020%20-%207A-39%28b%29%282%29%20Order%20%28Final%29.pdf?KqoWHCkIrPSUUCkaC48woEQ_6kNMBaif.

II.

LEGAL STANDARD

19.    Under Rule 60(b), a court "may relieve a party . . . from a final judgment, order, or proceeding" where the moving party shows:

(1)  Mistake, inadvertence, surprise, or excusable neglect;
(2)  Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4)  The judgment is void;
(5)  The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6)  Any other reason justifying relief from the operation of the judgment.

N.C. R. Civ. P. 60(b).

20.    "A motion under Rule 60(b) is addressed to the sound discretion of the trial court[.]" *Deutsche Bank Tr. Co. Ams. v. Tradewinds Airlines, Inc.*, 2009 NCBC LEXIS 6, at *13 (N.C. Super. Ct. Apr. 29, 2009) (quoting *Harris v. Harris,* 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983)).  A Rule 60(b) "motion shall be made within a *reasonable time*, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  N.C. R. Civ. P. 60(b) (emphasis added).  "The burden of proving grounds for relief is on the moving party."  *In re Se. Eye Ctr. - Pending Matters*, 2017 NCBC LEXIS 80, at *2 (N.C. Super. Ct. Aug. 31, 2017) (quoting *Deutsche Bank*, 2009 NCBC LEXIS 6, at *13)).  Rule 60(b) "gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice."  *Brady v. Town of Chapel Hill*, 277 N.C. 720, 723, 178 S.E.2d 446, 448 (1971)

(quoting 3 William W. Barron & Alexander Holtzoff, Federal Practice and Procedure § 1329 (Charles A. Wright ed. 1958)).

### III.

### ANALYSIS

21. Plaintiff contends that Bandenia's Motion must fail for three separate and independent reasons: first, that the Motion frames the Default Judgment as an erroneous judgment, which may only be attacked through appeal, the period for which has now expired; second, that Bandenia has failed to bring the Motion within a reasonable time as required under Rule 60(b); and third, that contrary to Bandenia's dilatory contention, the Settlement Agreement was in fact supported by consideration. (Pl.'s Mem. Law Opp'n Def. BBP Bandenia, PLC's Mot. Set Aside Default, Relief from J., & Stay Enforcement 7–8, 11–13, ECF No. 45.) The Court finds Plaintiff's contentions meritorious and addresses each in turn.

A. <u>The Default Judgment Is an Erroneous Judgment Not Subject to Attack under Rule 60(b)</u>

22. To begin, the Supreme Court of North Carolina has described a judgment "where the undenied allegations of the complaint are not sufficient to warrant a recovery" as "[a]n erroneous judgment[.]" *Wynne v. Conrad*, 220 N.C. 355, 360, 17 S.E.2d 514, 518 (1941). Importantly, "[i]f the judgment was erroneous it was necessary for plaintiff to *appeal*." *Id.* (emphasis added); *see also, e.g.*, *McKyer v. McKyer*, 182 N.C. App. 456, 460, 642 S.E.2d 527, 530 (2007) ("It is settled law that erroneous judgments may be corrected only by appeal and that a motion under . . . Rule 60(b) . . . cannot be used as a substitute for appellate review." (citation omitted)

(quoting *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *disc. rev. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981))). In short, "[m]otions pursuant to Rule 60(b) may not be used as a substitute for appeal." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006).

23. Here, Bandenia contends under Rule 60(b) "that the [D]efault [J]udgment should be vacated or that relief should otherwise be granted[ ] because Plaintiff failed to state an actionable cause of action against Bandenia." (Withdrawal 1; *see also* Def. Mem. Supp. 2–5.) As such, Bandenia's Motion is based on a claim that "the undenied allegations of [Plaintiff's] complaint are not sufficient to warrant a recovery[,]" *Wynne*, 220 N.C. at 360, 17 S.E.2d at 518, which, if true, would render the Default Judgment an "erroneous judgment[,]" *id.* Under controlling North Carolina law, therefore, Bandenia's challenge to the Default Judgment for lack of consideration was required to have been made through a properly-noticed appeal, not under Rule 60(b). *See id.* Bandenia filed no such appeal here, requiring denial of the Motion.[2]

B. <u>The Motion Was Not Brought Within a Reasonable Time</u>

24. Even if Bandenia could mount its challenge to the Default Judgment under Rule 60(b), Bandenia has failed to bring the Motion within a reasonable time, a further ground for denial.

---

[2] Bandenia relies on two decisions of the North Carolina Court of Appeals—*Brown v. Cavit Scis., Inc.*, 230 N.C. App. 460, 466–68, 749 S.E.2d 904, 909–10 (2013), and *Lowe's of Raleigh, Inc. v. Worlds*, 4 N.C. App. 293, 295, 166 S.E.2d 517, 518 (1969)—to argue that a default judgment entered on a defective complaint may be corrected through Rule 60(b). Neither case, however, referenced or cited the Supreme Court's decision in *Wynne*, which the Court finds controlling.

25. As an initial matter, Bandenia brings its Motion under Rule 60(b) without identification of the particular subparagraph(s) of the Rule on which it moves. Bandenia's sole argument on the Motion, however—that the Default Judgment should be set aside because the underlying contract on which the Judgment is based was not supported by consideration—cannot reasonably be seen as advanced under the subparagraphs requiring the motion to be brought within one year: (b)(1) (mistake, inadvertence, surprise, or excusable neglect), (b)(2) (newly discovered evidence), and (b)(3) (fraud). Nor can the Motion be seen as advanced under (b)(4) (voidness) or (b)(5) (satisfaction, release, or discharge).

26. The only subparagraph, therefore, that could apply is (b)(6)—"any other reason justifying relief from the operation of the judgment"—and a motion under that subparagraph must be brought within a reasonable time. *See Brown*, 230 N.C. App. at 464, 749 S.E.2d at 907 (addressing defective underlying contract argument under Rule 60(b)(6) "so long as the motion to set aside the judgment [wa]s 'made within a reasonable time' " (quoting N.C. R. Civ. P. 60(b)(6))).

27. "What constitutes a 'reasonable time' depends upon the circumstances of the individual case." *Sea Ranch II Owners Ass'n v. Sea Ranch II, Inc.*, 180 N.C. App. 226, 229, 636 S.E.2d 332, 334 (2006) (quoting *Nickels v. Nickels*, 51 N.C. App. 690, 692, 277 S.E.2d 577, 578, *disc. rev. denied*, 303 N.C. 545, 281 S.E.2d 392 (1981)). In making that determination, the Court of Appeals has found that a plaintiff's six-month delay in filing its Rule 60(b) motion after entry of judgment was not a "reasonable time" under the Rule. *Id.* at 230, 636 S.E.2d at 335.

28.     The Default Judgment was entered on June 4, 2019 and service of the order was made on Bandenia on June 11.  Just two days later, Bandenia sent the Court a letter requesting that the Default Judgment be set aside, which the Court received on June 25.  The next day, on June 26, the Court entered an order advising Bandenia that to advance its arguments in this action, it must be represented by counsel admitted in North Carolina.  Nearly seven months later, in early 2020, Bandenia's North Carolina counsel filed the current Motion.  Bandenia offers no justification or excuse for delaying its response for over seven months after the entry of the Default Judgment before filing the Motion.

29.     Indeed, in seeking to resist Plaintiff's collection efforts in the United Kingdom, Bandenia acknowledged to the High Court of Justice Chancery Division that it "was caught sleeping," that it was "trying to play catch up[,]" that it had kept its "head in the sand a little bit[,]" and that there was "no excuse for" its delay in challenging the Default Judgment.  (Second Aff. Adam L. Ross Ex. K, at 3, ECF No. 53.1.)

30.     In short, Bandenia was aware of the Default Judgment after June 13, 2019, attempted to defend against Plaintiff's efforts to collect on the judgment in the United Kingdom during the fall and winter of 2019, and yet made no effort to assert the Motion before this Court until January 17, 2020.  In these circumstances, particularly considering that Bandenia has offered no excuse or justification for its dilatory conduct, the Court concludes, in the exercise of its discretion, that Bandenia's Motion

under Rule 60(b) has not been brought within a reasonable time and must therefore be denied.

C. Plaintiff Sufficiently Alleged that the Settlement Agreement Was Supported by Consideration

31. "In determining whether the allegations are sufficient to state a claim for relief, we must 'give to the allegations a liberal construction, and . . . if . . . any portion of the complaint . . . presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose fairly can be gathered from it, the pleading will stand[.]' " *Brown*, 230 N.C. App. at 467, 749 S.E.2d at 909 (quoting *Presnell v. Beshears*, 227 N.C. 279, 281–82, 41 S.E.2d 835, 837 (1947)) (reviewing a Rule 60(b)(6) motion).

32. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Montessori Children's House of Durham v. Blizzard*, 244 N.C. App. 633, 636, 781 S.E.2d 511, 514 (2016) (quoting *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000)); *see also Krawiec v. Manly*, 2016 NCBC LEXIS 7, at *16 (N.C. Super. Ct. Jan. 22, 2016) ("[C]laims for breach of contract . . . necessarily hinge on the threshold issue of whether a valid contract actually existed between [the parties]." (quoting *Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, 230 N.C. App. 1, 6, 748 S.E.2d 171, 175 (2013))).

33. It is axiomatic that "for a contract to be enforceable it must be supported by consideration." *Inv. Props. of Ashville, Inc. v. Norburn,* 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). "[A]ny benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee, is sufficient consideration to support a contract." *Brenner v. The Little Red School House, Ltd.*,

302 N.C. 207, 215, 274 S.E.2d 206, 212 (1981). Furthermore, "[i]t is the accepted principle of the common law that instruments under seal require no consideration to support them. . . . [S]uch instruments are held to be binding agreements, enforceable in all actions before the common-law courts." *McGowan v. Beach*, 242 N.C. 73, 77, 86 S.E.2d 763, 766 (1955); *see also Burton v. Williams*, 202 N.C. App. 81, 88, 689 S.E.2d 174, 180 (2010) ("In North Carolina, an instrument under seal 'imports consideration' to support that instrument[.]" (quoting *Justus v. Deutsch*, 62 N.C. App. 711, 715, 303 S.E.2d 571, 573, *disc. rev. denied*, 309 N.C. 821, 310 S.E.2d 349 (1983))).

34. In its Complaint, Plaintiff explicitly alleged both that "[t]he Settlement Agreement is a valid and enforceable contract, supported by valid and adequate consideration[,]" and that "Bandenia materially breached the Settlement Agreement by failing and refusing to pay to [Plaintiff] $650,000, plus interest at 3% from July 18, 2017 through January 18, 2019." (Compl. ¶¶ 95, 97.) Moreover, the Settlement Agreement attached to the Complaint was signed by Bandenia and is accompanied not only by an indication that it was signed under "(SEAL)," but also by Bandenia's formal corporate seal, (Compl. Ex. 1, at 9), thereby "import[ing]" consideration, *Justus*, 62 N.C. App. at 715, 303 S.E.2d at 573. On its face, therefore, the Complaint sufficiently alleges a claim for breach of contract against Bandenia to avoid dismissal. *See McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005) ("[W]here the complaint alleges [both the existence of a valid contract and breach of said contract], it is error to dismiss [the] breach of contract claim[.]").

35. The premise of Bandenia's Motion is that Plaintiff was required[3] to, yet failed to, allege consideration because Bandenia's "promise to pay Plaintiff did not bring any benefits to Bandenia." (Def. Mem. Supp. 4.) Whether Plaintiff alleged that Bandenia received a benefit, however, is not determinative of consideration because North Carolina law is clear that a "promise is enforceable if a benefit to the principal debtor is shown *or if detriment or inconvenience to the promisee is disclosed*." *First Peoples Sav. & Loan Ass'n v. Cogdell*, 44 N.C. App. 511, 512, 261 S.E.2d 259, 260 (1980) (emphasis added) (quoting *Inv. Props.*, 281 N.C. at 196, 188 S.E.2d at 345).

36. Plaintiff's Complaint makes plain that Plaintiff agreed to take various actions to its detriment in entering the Settlement Agreement, including releasing and dismissing claims against various persons and entities with and without prejudice. (Compl. Ex. 1, at 2 ("Upon the last to occur of the payment of the Initial Payment, delivering the original Confession of Judgment to counsel for Rocky Ridge, and perfecting the Share Pledge, Rocky Ridge shall file a voluntary dismissal, with prejudice, of all of its claims in the Litigation against all defendants except [Streicher], and the claims asserted against [Streicher] shall be dismissed without prejudice."); *see also*, *Inv. Props.*, 281 N.C. at 196, 188 S.E.2d at 345 ("Forbearance to exercise legal rights is sufficient consideration for a promise given to secure such

[3] Plaintiff did not contest Bandenia's contention that consideration must be specifically pleaded to sustain a claim for breach of contract, so the Court does not address that contention. *But see Beam v. Sunset Fin. Servs., Inc.*, 2019 NCBC LEXIS 56, at \*28 (N.C. Super. Ct. Sept. 3, 2019) (concluding under Rule 12(b)(6) that "Plaintiffs' failure to specifically plead mutual assent between the parties or consideration thereto is not fatal to their breach of contract claim").

forbearance even though the forbearance is for a third person rather than that of the promisor.").

37.    Accordingly, the Court concludes that Bandenia's argument fails because Plaintiff has sufficiently alleged in the Complaint consideration to support the Settlement Agreement.  For this additional reason, therefore, Bandenia's Motion must be denied.

IV.

CONCLUSION

38.    **WHEREFORE**, for each of the reasons set forth above, the Court, in the exercise of its discretion, hereby **DENIES** the Motion.

**SO ORDERED**, this the 20th day of May, 2020.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge