AMERICAN CREDIT COMPANY, INC. v. THE STUYVESANT INSURANCE COMPANY, A CORPORATION, AND WALLACE B. CLAYTON, TRADING AND DOING BUSINESS AS GRANVILLE COUNTY FARM BUREAU

No. 7014DC75

(Filed 6 May 1970)

1. **Judgments §§ 14, 24— default judgment — denial of motion to set aside for excusable neglect — failure of complaint to state cause of action**

   Where defendant's motion to set aside a default judgment because of excusable neglect and a meritorious defense was denied on the ground that no excusable neglect existed, defendant was not estopped from thereafter making another motion to set the default judgment aside on the ground that the complaint failed to state a cause of action against defendant.

2. **Judgments § 14— default judgment — failure of complaint to state cause of action**

   A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff, and the default judgment may be set aside even without any showing of mistake, surprise or excusable neglect.

**3. Contracts § 25;   Insurance § 2—   breach of contract — failure of consideration**

Alleged promise by defendant insurance agent that plaintiff finance company would be named as loss payee under a policy of collision insurance issued on an automobile which had been financed by plaintiff *is held* insufficient to support an action for breach of contract, there being no consideration for defendant's promise.

**4. Contracts § 14—   third party beneficiary — sufficiency of allegations**

Complaint does not state a cause of action by plaintiff finance company as third party beneficiary of collision insurance policy on automobile financed by plaintiff, where there are no allegations that at the time the policy was issued it was intended to benefit anyone other than the insured or that insured at any time asked that plaintiff be made the loss payee of the policy.

**5. Insurance § 2—   action against agent for debt — sufficiency of pleadings**

In this action by plaintiff finance company against the insurance agent who sold a third party a collision policy on an automobile which had been financed by plaintiff, the complaint fails to state a cause of action for debt against defendant insurance agent where it alleges that defendant assured plaintiff that the policy was in effect and that plaintiff would be named as loss payee in the policy, and that defendant failed to inform plaintiff that the policy had been cancelled until after a collision loss of $2450 occurred, the only debt shown by the complaint being that of the third party under the financing agreement with plaintiff.

**6. Insurance § 2—   assignment of rights against agent — failure to show claim against agent**

Complaint does not state a cause of action against defendant insurance agent because of assignment to plaintiff finance company of insured's interest and claims against defendant, where the complaint shows that defendant agent had fulfilled his obligations to insured by obtaining the requested insurance coverage and that insured has no claim against defendant agent.

APPEAL from *Moore, District Judge,* 2 October 1969 Session of DURHAM County District Court.

This is a civil action instituted by the plaintiff, American Credit Company, Inc., to recover damages from the Stuyvesant Insurance Company and Wallace B. Clayton, trading as the Granville County Farm Bureau.

Plaintiff by its verified complaint alleged:

"4.   That the plaintiff is in the business of financing automobiles and in August, 1968, the plaintiff had financed a certain 1968 Mustang 2 door automobile, No. 8T01C206037 for the owner thereof, to-wit: Arthur Ray Reed of 513 Granville Street, Oxford, North Carolina.

"5. That as part of the financing agreement with said Arthur Ray Reed said Reed had agreed with the plaintiff that the said automobile would be covered with comprehensive and collision insurance.

"6. That the said Arthur Ray Reed had informed the plaintiff that he had purchased from defendant, Wallace B. Clayton, a comprehensive and collision insurance policy and provided the plaintiff with a copy of said policy.

"7. That said policy was duly issued by the defendant, The Stuyvesant Insurance Company, Policy No. A2-47-67-82 and the term of said policy was from 7-31-68 to 7-31-69 for a premium of $203.00 and said policy covered the above mentioned automobile of Arthur Ray Reed in that it provided for insurance coverage on said automobile in the form of $50.00 deductible comprehensive and $50.00 deductible for collision or upset coverage.

"8. That said policy was duly sold to Arthur Ray Reed by the defendant insurance agent, Wallace B. Clayton.

"9. That in August, 1968, the plaintiff through its agents and employees corresponded with defendant, Wallace B. Clayton and defendant Clayton informed the plaintiff that the policy had been issued and was in existence and agreed that the plaintiff would be named as Loss Payee under the terms of the policy. Thereafter the plaintiff through its agents and employees corresponded with the defendant, Wallace B. Clayton, on several occasions and each time they were assured that the above mentioned policy was in effect and covered the automobile mentioned above and defendant, Wallace B. Clayton, further agreed that plaintiff would receive a copy of the policy and would be named as Loss Payee in the policy.

"10. That on 3/7/69 a collision loss occurred and plaintiff's agents and employees contacted defendant, Wallace B. Clayton, and defendant Clayton informed plaintiff that the policy had been cancelled 1/12/69.

"11. That the defendant Clayton had assured the plaintiff on numerous occasions that the policy was in effect and that on 2/18/69 defendant Clayton agreed to send the plaintiff a copy of the policy naming plaintiff as Loss Payee and that the policy would be received by the plaintiff around 2/21/69.

\* \* \*

"14. That at the time of the above mentioned loss the fair

market value of said automobile was approximately $2,500.00 and by reason of the $50.00 deductible part of said insurance policy the defendants are indebted to pay the loss under the terms of the policy in the amount of $2,450.00 and the defendant, Wallace B. Clayton, is secondly obligated and liable for said sum if the defendant insurance corporation fails to pay same in that defendant Clayton assured the plaintiff that the policy was in effect and assured the plaintiff that it would be named as Loss Payee in said policy and the defendant, Wallace B. Clayton, never notified the plaintiff of any insurance cancellation until after the loss had occurred."

Plaintiff filed the complaint and the complaint and summons were served on the defendant Clayton. Clayton failed to make an appearance or file an answer within the time allowed and on 27 May 1969 judgment by default and inquiry was entered for the plaintiff by Judge Thomas H. Lee of the Durham County District Court. Immediately thereafter, on the same day, Judge Lee held the inquiry and answered the issue of damages in favor of the plaintiff as against the defendant Clayton in the amount of $2,450.00. On 19 August 1969 the plaintiff took a voluntary nonsuit against the other defendant, The Stuyvesant Insurance Company, and execution was issued against the defendant Clayton on the default judgment.

On 25 August 1969 Clayton, through his attorney, filed a motion to set aside the judgment because of excusable neglect and because he had a meritorious defense and filed an affidavit in support of the motion. A hearing was held by Judge Lee on 9 September 1969 and in a judgment dated 12 September 1969 the court denied the motion and stated that Clayton had appealed but had withdrawn his appeal.

On 12 September 1969 the defendant filed a "MOTION TO VACATE JUDGMENT." The matter came on for hearing before Judge E. Lawson Moore and on 2 October 1969, Judge Moore entered a judgment vacating the default judgment on the ground that the facts alleged in the complaint were insufficient to constitute a cause of action against the defendant Clayton. From Judge Moore's judgment the plaintiff appealed.

*Spears, Spears, Barnes and Baker, by Robert F. Baker, for the defendant appellee.*

*Edwards and Manson, by W. Y. Manson, for the plaintiff appellant.*

HEDRICK, J.

[1]    The first question presented on this appeal is whether the court committed error in ruling upon the defendant's motion to vacate the judgment.

In *Moore v. W O O W, Inc.*, 250 N.C. 695, 110 S.E. 2d 311 (1959), the North Carolina Supreme Court considered a case similar to the one now before us. In that case a motion to set aside a default judgment was denied for want of evidence of a meritorious defense. Several months later, but within one year of the date of the entry of the judgment by default final, the defendant brought another motion on the same ground and introduced evidence of a meritorious defense which was not available at the time of the previous hearing. At the second hearing Judge Paul entered an order setting aside the default judgment. In affirming the judgment of the court below, Parker, J. (later C.J.), stated:

> "In *Collister v. Inter-State Fidelity B. & L. Assn.*, 44 Ariz. 427, 38 P. 2d 626, 98 A.L.R. 1020, the Court held that a court's denial of a motion to vacate a default judgment is not *res judicata* as to a subsequent motion to vacate it on a different ground."

In the present case the defendant filed a motion to set aside the default judgment on the grounds of excusable neglect and meritorious defense. Judge Lee, in a judgment dated 12 September 1969, denied the motion and stated:

> "That this Court having found as a fact that no excusable neglect exists does not make any further finding insofar as an alleged meritorious defense is concerned."

When the first motion to set aside the judgment was denied the defendant filed another motion entitled "MOTION TO VACATE JUDGMENT." This motion asked that the default judgment be vacated on the ground that the complaint failed to state a cause of action against the defendant. It is well established in North Carolina that no appeal lies from one judge of the superior court to another. *Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E. 2d 153 (1952). However, this principle is not applicable to the present case. On the facts of this case, Judge Moore did not undertake to review or to overrule the judge who entered the previous order. The defendant was not estopped from making his second motion before Judge Moore on the ground of meritorious defense since there had been no prior ruling on that motion by any judge of the district court.

The second question presented is whether the complaint stated a cause of action against the defendant Clayton.

[2]   In *Lowe's v. Worlds,* 4 N.C. App. 293, 166 S.E. 2d 517 (1969), we find the following:

> "A default judgment admits only the averments in the complaint, and the defendant may still show that such averments are insufficient to warrant the plaintiff's recovery. *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661. A complaint which fails to state a cause of action is not sufficient to support a default judgment for plaintiff. G.S. 1-211; *Cohee v. Sligh,* 259 N.C. 248, 130 S.E. 2d 310; *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835. Accordingly, if the complaint in the present action failed to state a cause of action as against Lois Worlds, the default judgment against her cannot be supported and must be set aside even without any showing of mistake, surprise or excusable neglect."

[3]   Plaintiff, in its complaint, alleged that one Arthur Ray Reed purchased an automobile which was to be financed by the plaintiff. As a necessary part of the financing agreement, Reed was to provide collision coverage on the automobile naming the plaintiff as loss payee. Reed informed the plaintiff in August, 1968, when they were discussing the financing agreement, that he had already purchased a collision policy and gave the plaintiff a copy of the policy which became effective 31 July 1968. Subsequently plaintiff contacted the defendant Clayton and received a promise from him to name plaintiff as loss payee under the insurance policy which had been issued to Reed. Upon these alleged facts the plaintiff sought to assert a cause of action against the defendant for breach of contract. "A contract, in order to be enforceable, must be supported by consideration, and want of consideration constitutes legal excuse for nonperformance of an executory promise. A mere promise, without more, is unenforceable." 2 Strong, North Carolina Index 2d, Contracts, § 4. In *Matthews v. Matthews,* 2 N.C. App. 143, 162 S.E. 2d 697 (1968), the Court stated:

> "A valuable consideration is necessary to the validity of a contract not under seal, and it is necessary for the pleader to allege such facts as will enable the Court to see that there was a valuable consideration. McIntosh, N. C. Practice 2d, Sec. 1067."

The plaintiff's allegations show no consideration for the promise by Clayton to name the plaintiff as loss payee on the insurance policy purchased by Reed.

[4]   The plaintiff contends that by the allegations contained in paragraph 15 of the complaint it has stated a cause of action as a third party beneficiary of the insurance policy. In paragraph 15 the plaintiff stated that on 7 March 1969 the automobile was damaged

to the extent that it was considered a total loss, that Reed is still indebted to the plaintiff in excess of $2,400.00 and that because of this the plaintiff is a third party beneficiary of the policy. North Carolina does recognize the existence of third party contracts. In 2 Strong, North Carolina Index 2d, Contracts, § 14, it is stated:

"Where two persons enter into a contract for the benefit of a third person, such person may maintain an action for breach of the contract, and may recover, assuming the existence of a valid and enforceable agreement.

*        *        *

"In order for a third person to sue, it is required that the contract be made for his benefit."

The allegations in this complaint do not state a cause of action by the plaintiff as a third party beneficiary of the insurance policy. There are no allegations that at the time the policy was issued it was intended to benefit anyone other than Reed. When Reed applied for the policy no financing agreement existed with the plaintiff and it is not alleged that Reed, at any time, asked the defendant Clayton to make the plaintiff the loss payee of the policy. In the absence of an allegation that the insurance policy was entered into for the benefit of the plaintiff we can find nothing in the complaint to show that the plaintiff was anything but a stranger to the contract.

[5, 6]    The plaintiff also contends that the allegations contained in paragraph 14 of the complaint are sufficient to state a cause of action against the defendant for debt. The allegations in the complaint are not sufficient to do this since they show that the only debt owed is one by Reed, under the financing agreement, to the plaintiff. Plaintiff further contends that it has set forth a cause of action against the defendant because of the assignment by Reed of his interest and claims against the defendant. The facts, as alleged, fail to show any claim by Reed against the defendant Clayton. The plaintiff, in its complaint, alleged that Reed went to Clayton and asked him to get him an insurance policy to cover collision and comprehensive losses and that Clayton did obtain such a policy from The Stuyvesant Insurance Company. Once Clayton, as agent, obtained the insurance policy for Reed he had fulfilled his obligations.

The complaint failed to state a cause of action against the defendant Wallace B. Clayton and cannot support a default judgment against him. He was entitled to have the default judgment vacated. For the reasons stated above, the judgment of the District Court of Durham County is affirmed.

Affirmed.

CAMPBELL and PARKER, JJ., concur.