GENERAL ELECTRIC CO., OUTDOOR POWER EQUIPMENT OPERA-
TIONS v. JAMES W. PENNELL AND MRS. JAMES W. PENNELL,
T/A PENNELL MOTORS AND PENNELL MOTOR COMPANY

No. 7623DC510

(Filed 17 November 1976)

Uniform Commercial Code § 20— sale of tractors — genuine issue of fact
as to sum due, breach of warranty — summary judgment improper
In an action to recover a sum allegedly due plaintiff for tractors furnished by it to defendant for resale, the trial court erred in granting summary judgment for plaintiff where there were genuine issues of fact as to (1) whether defendants were liable to plaintiff for any amount at all, and (2) plaintiff's liability to defendants for breach of warranty.

Judge VAUGHN concurs in result.

Chief Judge BROCK dissents.

APPEAL by defendants from *Osborne, Judge.* Judgment entered 22 March 1976 in District Court, WILKES County. Heard in the Court of Appeals 22 September 1976.

Plaintiff alleged in its complaint that it was a New York corporation doing business in North Carolina. It had sold to defendants certain goods listed on Exhibit A attached to the

complaint. Defendants had agreed to a floor planning agreement attached to the complaint as Exhibit B, requiring them to make certain payments to plaintiff. They had defaulted and were indebted to plaintiff for $5,782.99.

Defendants denied that plaintiff was a New York corporation doing business in North Carolina. They admitted that defendant Mrs. Pennell had received certain goods from plaintiff and had signed the floor plan agreement but they denied that they were liable to plaintiff for any amount. They counterclaimed, alleging that the goods plaintiff had shipped to them were not merchantable and were not fit for the purpose for which they were purchased.

Plaintiff moved for summary judgment. In support of its motion it submitted Exhibits A and B and an affidavit of its accounting operations manager, R. J. King, who stated that Exhibits A and B were correct statements of defendants' account with plaintiff and that defendants were indebted to plaintiff for $5,782.99.

In opposition to the motion defendants submitted answers to interrogatories verified by defendant James Pennell. Pennell answered that defendants had purchased tractors and other equipment from plaintiff for resale; that in a "Dealer Franchise Agreement" submitted with his answers, they had agreed to pay for each item they had sold; that the equipment shipped by plaintiff was not fit to be sold and used by the public; that the tractors would not operate and the motors would burn out; that the batteries were not large enough for the size of the tractor and replacement batteries had to be furnished by the defendants; and that defendants had to take back all but one of the tractors sold. Defendants asked plaintiff to repair the tractors but plaintiff would not do so and defendants hired a mechanic to repair the tractors but he was unable to repair them.

The court granted summary judgment for the plaintiff for $5,782.99 and dismissed defendants' counterclaim. Defendants appealed.

*Max F. Ferree and George G. Cunningham, for plaintiff.*

*McElwee, Hall & McElwee, by John E. Hall and William C. Warden, Jr., for defendants.*

MARTIN, Judge.

Defendants contend in their only assignment of error that the court should not have granted summary judgment for plaintiff. They argue that the case raises several genuine issues of fact. We agree.

First of all, there is a genuine issue of fact as to whether the defendants are liable to plaintiff for any amount at all. It is apparent from the "Security Agreement" executed between the parties on the same day as the "Dealer Franchise Agreement" that, absent other terms in effect at the time of shipment, the defendants did not have to pay for equipment shipped by the plaintiff until the equipment had been sold. In answer to interrogatories on this point, the defendants stated that they had agreed to pay for each item of equipment only after each item was sold and within five days thereafter. Defendants then went on to answer that they had in fact complied with this part of the agreement in that they had paid for each item as soon as they had been sold. The plaintiff seems to contend on appeal that Exhibit B, an agreement in which defendants promised to go ahead and start making monthly payments totalling $7,621.19, controls over the "Dealer Franchise Agreement" and the "Security Agreement" since it was subsequent in time to those agreements. This contention is without merit, however, since the plaintiff's evidence fails to show that the promises contained in Exhibit B were supported by any consideration. The plaintiff failed to allege such facts necessary to enable this Court to see that there was a valuable consideration given for the promises contained in Exhibit B. See *Credit Co. v. Insurance Co.*, 7 N.C. App. 663, 173 S.E. 2d 523 (1970). Moreover, Exhibit B states that the promise was given "to reduce the unpaid balance past due" plaintiff, while according to defendants' evidence there was no unpaid balance past due.

There is a second genuine issue of material fact as to plaintiff's liability to defendants for breach of warranty. The attempted disclaimer by plaintiff in paragraph 4(b) of the "Dealer Franchise Agreement" is ineffective, because it is not conspicuous as required by G.S. 25-2-316(2). It is not in capital letters, nor in large or contrasting type, nor does its appearance differ in any way from the rest of the printed form. See G.S. 25-1-201(10).

Reverse.

Judge VAUGHN concurs in result.

Chief Judge BROCK dissents.