## CIRCUIT COURT OF THE CITY OF NORFOLK

Richard W. Evans

    v.

Norfolk and Western Ry. Co.

April 2, 1985

Case No. (Law) L-84-112

By JUDGE JOHN E. CLARKSON

It is an awkward situation for a railroad employee to be injured and then have to ponder his fate under the FELA, LHWCA or Virginia Workmen's Compensation Act. It is patently unfair for employees hurting themselves while boarding trucks at different locations while doing different jobs on the same corporate property to receive different treatment or methods and amounts of recovery

Evans was injured during the lunch break, while boarding a railroad truck on the way back to work at the Motive Power Building. He had been working for a day and a half at Pier 6 approximately 850 feet away.

I am of the opinion that at the time of his injury, Evans was a railroad engineer holding union membership in the Brotherhood of Locomotive Engineers and United Transportation Union. He was carried on their seniority roster and was being paid as an engineer at the time of his accident.

Evans was not employed in maritime employment. He was hired by a railroad company to be a railroad engineer and was except for a period of furlough and pursuant to the provisions of the New York Dock Conditions assigned for a day and a half to work as a painter's helper.

Evans was not upon the navigable waters nor adjourning pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining areas customarily used by an employee in loading, unloading, repairing or building a vessel. 33 U.S.C., § 902 (4).

He was not engaged in *maritime employment*, including any longshoreman or other person engaged in longshoring operations, and any harborworker, including a ship repairman, ship building and ship breaker. 33 U.S.C., § 902(3).

The injury was not one "arising out of and in the course of employment," 33 U.S.C., § 902(2), nor within a location included in the "Situs" test, 33 U.S.C., Sect. 902(4).

I agree that federal cases control federal questions, but the factual situation of *Price* is quite different from Evans.

1. Price was injured while painting the support towers for the gallery. . . . The gallery, and its maintenance, are essential to the loading and unloading of all vessels at the Sewells Point port facility.

2. The plaintiff was classified as a painter by Norfolk & Western. . . . The painting includes work on the warehouses, docks, drawbridges, and coal piers.

I decline to follow *Price* because the facts are entirely different. I would follow *Conti v. Norfolk and Western Railway Co.*, 566 F.2d 890 (4th Cir. 1977), where the court at page 895 said "It is clear that in the cases before us, the occupation of the plaintiffs were not of a traditional maritime nature, but on the contrary, were those traditionally associated with railroading. . . . We find nothing in the amendments or the legislative history to indicate that under these circumstances, the Congress intended to transfer the redress of such injured railroad worker from the FELA to the Longshoremen's Act."

Section 1 of the Federal Employers' Liability Act, 45 U.S.C., § 51, establishes a railroad's liability for negligent injury to its employee:

> Every common carrier by railroad while engaging in commerce. . . shall be liable in damages to any person suffering injury while he is employed by such carrier. . . for such injury or death resulting in whole or in part from the negligence, in its car, engines, appliances, machinery, truck, road bed, works, boats, wharves, or other equipment.

The act does not propose to define negligence, but rather leaves that task to the common law as announced by the federal courts. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018 (1949). In deciding questions of negligence, the courts have uniformly recognized that a railroad is under a nondelegable duty to provide its employees with a reasonably safe place to work and safe equipment to mount.

Accordingly, I conclude that plaintiff is, was, and has always been a railroad engineer and as such is entitled to his rights under the FELA. I will ask Mr. Brahm to prepare a sketch of an order overruling the motion to dismiss for want of jurisdiction, and after endorsement of counsel, send it to me for entry.