## CIRCUIT COURT OF FAIRFAX COUNTY

Maureen Flynn

v.

Janice Smyth,
Mary Gerken,
and Ann Austin

November 30, 1987

Case No. (Law) 81616

By JUDGE J. HOWE BROWN

This matter is before the Court on Defendant's Demurrer to Plaintiff's Motion for Judgment. After reviewing the parties' pleadings and legal memoranda, the Court makes the following findings of fact and conclusions of law.

This case arose out of an October 15, 1987, meeting of the Board of Directors of A Woman's Choice, Inc. The corporation, organized under the laws of Virginia, operates as a nonstock, nonprofit entity for charitable and educational purposes within the meaning of § 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Defendants are members of the Board, and, at least prior to that meeting, Plaintiff was a member as well. Under both the Articles of Incorporation and the By-laws, members of the Board serve without compensation.

In her ten count motion for judgment, Plaintiff alleges that during the October 15 meeting, Defendants wrongfully and illegally attempted to divest her of her

rightful positions as Chairman of the Board, President of the Corporation, and Director of the business. Defendants demurred to the entire motion on the ground that Plaintiff failed to state claims upon which relief could be granted and then separately demurred to each count for various reasons.

In support of their general demurrer, Defendants rely on the immunity provisions of Virginia Nonstock Corporation Act, Va. Code § 13.1-870.1(B) (Supp. 1987). That section provides that "[a]n officer or director who serves [a corporation exempt from income taxation under Section 501(c) of the Internal Revenue Code] without compensation for his services shall not be liable for damages." Defendants contend that under this section, they are immune from liability since A Women's Choice, Inc., is the type of corporation contemplated by the section and since they serve without compensation.

Plaintiff argues that this immunity provision is inapplicable because the motion for judgment is not "brought in the right of the corporation or brought by or on behalf of [its] member." However, the language which Plaintiff quotes is contained within subsection (A) and relates to the limitation of liability of officers and directors of any nonstock corporation. But Defendants expressly rely on Subsection (B). That provision grants immunity to "any officer or director who serves [§ 501(C)] corporations without compensation."

Plaintiff next argues that the immunity provisions of § 13.1-870.1 do not apply because subsection (c) provides an exception "if the officer or director engaged in willful misconduct or a knowing violation of the criminal law." Plaintiff contends that her entire motion for judgment demonstrates willful misconduct as to each count and that therefore Defendants' demurrer should be denied.

The Court finds that Plaintiff has failed to sufficiently state the facts upon which she bases her allegations of willful misconduct. Under Rule 1:4(d) of the Rules of the Supreme Court of Virginia, a pleading must "clearly inform[] the opposite party of the true nature of the claim." It is not sufficient to simply allege wrongful conduct without providing the factual basis supporting the allegation.

In addition, Plaintiff alleges only one knowing violation of the criminal law. In Count III, she alleges Defendants conspired to injure Plaintiff in her trade, business or profession in violation of 18.2-499 (Repl. Vol. 1982). That section, however, only applies when malicious conduct is directed at one's business, not one's person or personal reputation. *Buschi v. Kirven*, 775 F.2d 1240, 1254 (4th Cir. 1985). Although Plaintiff arguably alleges such injury, she fails to state sufficient facts upon which she bases her legal conclusions.

Consequently, the Court finds that the immunity provisions of § 13.1-870.1(B) apply to Defendants. Plaintiff fails to set forth sufficient facts which would take Defendants outside of the section and therefore fails to state claims upon which relief can be given.

Finally, in Counts VII, VIII, and IX, Plaintiff sets forth claims of defamation, conspiracy to commit common law defamation, and insulting words. Plaintiff specifically charges in paragraphs 38 and 39 that Defendants defamed and libelled her by publishing false accusations in the motion to remove her from office, and slandered her by stating to others that she has stolen corporate property, is unfit to perform her official duties and lacks integrity in discharging those duties. Defendants demur to each of these counts on the ground that Plaintiff fails to allege sufficient factual support.

The Court finds that Plaintiff's motion for judgment fails to set forth facts which establish any of the three causes of action. To properly state a good cause of action for libel, slander or insulting words, Plaintiff's petition must contain the exact words charged to have been used by Defendants. *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215 (1939).

For the foregoing reasons, Defendants' demurrer is sustained as to all counts. However, the Court will grant Plaintiff twenty-one days to amend her motion for judgment.