## CIRCUIT COURT OF CLARKE COUNTY

Louise J. McKay

v.

Clarke County School Board et al.

March 1, 1988

Case No. (Law) 2644

By JUDGE ROBERT K. WOLTZ

This is an action for defamation brought by a former teacher at an elementary school in Clarke County against the County School Board (Board), its members individually and two of its agents or employees being the division superintendent and a school principal. Initially the plaintiff filed a bill in equity against the same parties alleging she was wrongfully discharged from her position as a teacher, seeking an appeal from the discharge decision of the Board and injunctive and other relief. That case was decided unfavorably to her in *McKay v. Clarke County School Board et al.*, Circuit Court of Clarke County, Chry. No. 2644, by written opinion of December 31, 1987. This action for defamation was contained as a count in that bill. On the court's motion, that count was severed from the proceeding and transferred to the law side of the docket under Code § 8.01-270.

Because the second amended motion for judgment appears to assume some of the allegations in the chancery proceeding, the bill of complaint and opinion rendered in it are made a part of this record. The issues to be decided are raised by the defendants' demurrer and their special plea asserting privileged communication and sovereign immunity. McKay's second amended motion for judgment is a mixed bag and some sorting out of it is necessary in order to rule on these issues.

McKay alleges that G. Ronald Brown (Brown) principal at the school at which she was teacher (1) told the parents of a student of hers that she was incompetent and would be "terminated"; (2) that Brown delivered an unsealed, unfolded letter to the open letter box of McKay located in an area where teachers and students congregate and would be visible and readable by such persons, the letter ordering McKay to leave her classroom and remain in the school library, the first sentence beginning "Because of the out of control situation in your classroom. . ."; (3) that Brown informed another teacher at the school, McCoy, that McKay was incompetent; (4) that Brown under oath at a hearing before the Board knowingly and falsely testified McKay was responsible for a student injury growing out of an incident in McKay's class. All but the last of these matters took place prior to the public board hearing resulting in McKay's dismissal, and the last occurred after that hearing.

Included with the first allegation is further allegation that the father informed his student son of Brown's statements and in turn the student repeated it in McKay's classroom in front of and in the hearing of the class members. The third allegation has included with it one that teacher McCoy told two other teachers of Brown's statement to her concerning McKay, telling one in a hallway where students overheard the statement.

McKay also alleges that the Board and its members are liable for defamation for not establishing appropriate procedures and the like, presumably at its hearings, and in confirming Brown's actions "throughout." She further alleges that all these things including the words used went to her "professional and personal character and reputation"; that they were not privileged and were communicated to third parties; that they were false with "no

factual justification" and the defendants knew this; and that they were motivated by actual malice and with "reckless disregard for the right of" McKay. She asks for judgment against the defendants for both compensatory and punitive damages.

The specifics of the demurrer are that the alleged statements of Brown constitute mere statements of opinions; the statements are privileged; sovereign immunity bars the action; no cognizable wrong is alleged against the Board, its members or the division superintendent; and those defendants are not liable for any actions of defendant Brown. Before ruling on the demurrer, the court points out that the allegations as made that others repeated the alleged statements of Brown are irrelevant.

The first ground of the demurrer is overruled. Statements made by one in reference to the abilities of another respecting his plying a trade, conducting a business or practicing a profession are all in effect expressions of opinion. Nevertheless, an opinion expressed as a fact which go directly to one's inherent competence to follow a certain calling is more than mere opinion as it may damage that person in his occupational calling. This opinion was not like those in *Chaves v. Johnson*, 230 Va. 112 (1985), where opinion was expressed that a professional was inexperienced and charged too much. As the court there pointed out all persons commencing a vocational career start out inexperienced. But inexperience is not the equivalent of incompetence; in fact, one who has recently undergone education and training in up-to-date state of the art could be more competent than a more experienced person in the calling. As to excessive charges, *Chaves* points out this is mere opinion and one frequently implied by business competitors. To say one is incompetent in his or her calling, however, is to say he is unfit to follow that calling and going directly to the question of fitness is more than mere expression of opinion.

The second ground of demurrer as to the alleged statement of Brown in his testimony before the Board is sustained. Though claims of privilege are essentially defensive in nature, McKay's own pleading shows that this testimony was given at a quasi-judicial proceeding and there is no claim that his statements were not relevant to the proceeding. Hence the communication even if malicious

in nature and made knowingly falsely is entitled to an absolute privilege and no action will lie in respect of it. *Penick v. Ratcliffe*, 149 Va. 618 (1927). As that case points out there is only one qualification, which distinguishes the American rule from the English, to the principle of absolute privilege, namely, that the allegedly defamatory statement must be relevant and pertinent to the judicial or quasi-judicial inquiry. The case is also authority for liberality in deciding whether a proceeding is a quasi-judicial proceeding and what statements are relevant and pertinent to it.

The demurrer is also sustained as to the letter placed in McKay's letter box. First, there is no allegation Brown intended, conspired or arranged that this letter to McKay be seen or read by any other persons. Second, to charge defamation, generally the exact words said to be defamatory must be set out in the pleading. *Federal Land Bank v. Birchfield*, 173 Va. 200 (1939). In this instance McKay merely alleges the beginning words of the letter: "Because of the out-of-control situation in your classroom. . ." and as a matter of law those words standing alone cannot be construed as defamatory. Furthermore, Brown's statement *McKay* would be "terminated" is one of mere opinion and not legally defamatory.

This leaves viable after the foregoing rulings only the alleged statements that the plaintiff was incompetent made to the parents of one of McKay's students and to one of McKay's fellow teachers. In neither instance would there be an absolute privilege. In both instances these may be entitled to a qualified privilege, but privilege refers to the circumstances of the occasion under which the words were used, *Rosenberg v. Mason*, 157 Va. 215 (1931), and there is insufficient factual matter alleged in McKay's motion for judgment and no bill of particulars to amplify it to predicate a finding on a demurrer that in these two instances a qualified privilege existed.

The third ground of the demurrer based on sovereign immunity is sustained as to the Board, its members and the division superintendent. Sovereign immunity protects the Board, *Kellam v. School Board*, 202 Va. 252 (1960), division superintendents and school principals. *Banks v. Sellers*, 224 Va. 168 (1982). Their sovereign immunity is not affected by the Virginia Tort Claims Act. Sections

8.01-195.2 et seq. The act applies only to state agencies and their employees. Several statutes in Title 22.1 provide for appointment of school boards by local authority, that appointees be local residents and voters, and that free attendance at the institutions administered by these boards shall with narrow exceptions be limited to students residing in the locality of the school division. The facilities operated by the boards are locally owned and financed. The strong inference from the school statutes is that school boards are not state agencies nor their employees state employees. This construction is confirmed by the 1986 amendment to § 8.01-195.2 (effective after this cause accrued) of the Tort Claims Act expressly providing that school boards and their employees are not state agencies or state employees, and these defendants are found not subject to that act.

As to defendant Brown, the demurrer is overruled on the basis of sovereign immunity. A school official, and a school principal is a school official entitled to sovereign immunity, *Banks*, is not liable for alleged defamation made in his official capacity. *DeLevay v. Richmond County School Board*, 284 F.2d 340 (4th Cir. 1960). But McKay's allegations do not disclose in which capacity Brown's statements as to McKay's incompetence were made. Consequently no ruling can now be made as a matter of law that he was speaking in an official capacity and so not liable.

The fourth ground of the demurrer that the motion for judgment alleges no wrong doing by the Board, its members, or the superintendent is sustained; and the fifth ground of demurrer that these same parties are under the allegations not liable for the actions of defendant Brown is likewise sustained.

Ground one of the special plea is that the communications by Brown to McKay are privileged. The only communication from him to her, viz., the letter in the letter box, was held subject to demurrer and so is not to be ruled on under the special plea. Ground two is that the testimony of Brown at the school board hearing is privileged. Demurrer was sustained on that point and special plea to it is also sustained. Ground three is that the defendants are protected by sovereign immunity. As held with regard to the demurrer all parties but Brown are so protected and

the special plea is sustained to the same extent, but at this juncture no ruling can be made with regard to Brown. This defense may be reasserted in the event further pleading or the evidence may support this ground.

Two other points perhaps should be mentioned. The statute on insulting words, § 8.01-45, *see generally Tweedy v. J. C. Penney Co.*, 216 Va. 596 (1976), whether it⁻ was or not a part of this action is no longer under the demurrer ruling on the point. As now there remain outstanding no allegations of any communication made directly by Brown to McKay the statute has no application. Second, as a public school teacher McKay is not a public official described in *New York Times v. Sullivan*, 476 U.S. 254 (1964), which matter was determined for this jurisdiction in *Richmond Newspapers v. Lipscomb*, 234 Va. 277 (1987). This result in turn means that common law rules of malice rather than the *New York Times* "actual malice" or constitutional malice applies.