## CIRCUIT COURT OF THE CITY OF RICHMOND

Kurt M. Warren

v.

Standard Drug Co.

April 14, 1993

Case No. LU-2150

BY JUDGE ROBERT L. HARRIS, SR.

Before the Court is the Defendant, Standard Drug Company's Motion to Vacate a Default Judgment. The Plaintiff, Kurt M. Warren, filed a Motion for Judgment in this Court which primarily alleged that the Plaintiff, formerly a cashier at Standard, had been slandered by agents of her former employer. The Motion for Judgment was served on the President of Standard on June 4, 1992, but no responsive pleadings were filed, and, thus, on August 14, 1992, the Court granted the Plaintiff's Motion for Default Judgment on the issue of liability. Upon the suggestion of the Court, counsel for the Plaintiff notified Standard of the Default Judgment,[1] and within twenty-one days, Standard moved the Court to set aside the default judgment. Because the evidence presented at the resulting September 2, 1992, hearing was insufficient to justify the Court's setting aside of the judgment, that motion was denied.[2]

---

[1] While no further notice was due a party in default, see Va. Sup. Ct. R. 3:17, the Court believes it is the better practice to provide notice to a party against whom a judgment has been entered. Plaintiff's counsel, at the hearing on his Motion for Default Judgment, inquired of the Court as to the preferred practice and, to his credit, accepted the Court's advice.

[2] At the September 2, 1992, hearing, the Defendant generally argued that an innocent mistake had caused their unresponsiveness. However, Standard attempted to intro-

The Defendant has now filed another motion asking the court to vacate the default judgment, this time arguing that the entry of default judgment was inappropriate because the motion for judgment upon which it was based failed to state a cause of action. Although the Court believes that the issue is not as plain as the Defendant asserts, there is sufficient merit to the argument, in the peculiar context of this case, to warrant granting the Defendant's motion.

A preliminary dispute arose between the parties as to the status of the Court's Default Judgment Order. The Plaintiff wishes to characterize it as a "final order," subject to the provisions of Supreme Court Rule 1:1, which gives courts jurisdiction over their orders for only twenty-one days. Accordingly, after that twenty-one day period, a court would be able to vacate a default judgment only pursuant to section 8.01–428 of the Virginia Code.[3] The Defendant argues that Rule 1:1 does not apply, characterizing the Default Judgment Order as not a "final order," since the issue of damages was left unaddressed by that order. Under such a view, the limitations of section 8.01–428 would not apply.

Although the Court believes that the Default Judgment Order was not a "final order" subject to Rule 1:1, *see Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (" 'A final order is one which disposes of the *whole* subject, gives *all relief contemplated* . . . and leaves *nothing to be done in the cause* save to superintend ministerially the execution of the order'.") (quoting 4 Minor's Institutes 860) (emphasis added); *see also Pettis v. Spencer*, 24 Va. Cir. 310, 311–12 (Richmond City Cir. Ct. 1991) (citing *Daniels* in vacating a default judgment on liability only, at *plaintiff's* request, several months after judgment entered), the Court also believes that the relief sought by the Defendant would be available under section 8.01–428 as a "void judgment."

---

duce evidence of that mistake through the hearsay testimony of the corporation's President. A timely objection to that testimony was made by the Plaintiff and sustained by the Court. Because of the insufficiency of the remaining evidence, the Court did not have to reach the question of whether "innocent mistake or oversight" can support the setting aside of a default judgment.

[3] Section 8.01–428 allows default judgments to be set aside for "(i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction." Va. Code Ann. § 8.01–428(A) (1992).

> [O]ne of the bases upon which [a default judgment] may be invalidated is when the motion for judgment fails to state a cause of action; under such circumstances, that failure is held to disable the court from entering a valid default judgment. The foregoing principle stems from the proposition that courts may not properly on their own accord set themselves in motion. They have no power to adjudicate issues which are not presented by the parties in their pleadings unless the parties voluntarily try an issue beyond the pleadings. *Such a judgment beyond the issue is not merely irregular, it is extrajudicial and invalid.*

*Landcraft Co. v. Kincaid*, 220 Va. 865, 870, 263 S.E.2d 419, 422 (1980) (emphasis added).

The Plaintiff points out, quite correctly, that section 8.01–428 uses language which is, arguably, not as broad as that contained in its predecessor, section 8–348, under which *Landcraft Co.* was decided. The critical difference appears to be the inclusion in the earlier section of language allowing a court to vacate a default judgment "for any error for which an appellate court might reverse it." Va. Code Ann. § 8–348 (1977 Repl. Vol). Because reversal of such judgments can be obtained on appeal only under narrow circumstances, such a provision did not expand the ability of courts to vacate default judgments. Accordingly, the omission of the provision in current section 8.01–428 is not as significant as might superficially appear.

> There are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments, whether obtained by default or otherwise. Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation. For the same reason, we have consistently construed Code § 8.01–428 and its predecessors, which create exceptions to the finality of judgments, narrowly.

*McEwen Lumber Co. v. Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987) (citations omitted).

The principle that a court cannot extend its jurisdiction beyond the issues raised by litigants remains fundamental. Thus, statutory language changes notwithstanding, the basis upon which the court in *Landcraft Co.* set aside the default judgment remains valid. *Cf. id.*, 360

S.E.2d at 848 (continuing to cite *Landcraft Co.* as an example of narrow interpretation of the statutory exceptions to Rule 1:1).

The gravamen of Standard's argument is that the Plaintiff's Motion for Judgment lacks the specificity necessary to state a cause of action for slander. That argument gains its credibility from a fairly old Virginia case which announced that actions for slander must set out the exact words allegedly used.

> The allegations in the original petition do not purport to contain the exact words charged to have been used by defendant, which is necessary to correctly state a good cause of action for libel, slander or insulting words. Good pleading requires that the exact words spoken or written must be set out in the declaration in haec verba. Indeed, the pleading must go further — that is, it must purport to give the exact words . . . . Words equivalent or of similar import are not sufficient.

*Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215, 3 S.E.2d 405, 410 (1930). Although the Plaintiff questions the applicability of the *Federal Land Bank* requirements in these days of "notice pleading," they are requirements which are still applied by trial courts in addressing demurrers to libel or slander allegations. *See e.g., Cerick v. Central Fidelity Bank*, 10 Va. Cir. 1, 2 (Fairfax County Cir. Ct. 1989); *McKay v. Clarke County School Bd.*, 10 Va. Cir. 442, 445 (Clarke County Cir. Ct. 1988); *Flynn v. Smyth*, 10 Va. Cir. 275, 277 (Fairfax County Cir. Ct. 1987) (demurrer to slander count sustained in each case for lack of alleging exact language).

This Court agrees with the Plaintiff that it is unclear what role strict application of the "exact words" requirement of *Federal Land Bank* plays in the modern pleading context.

> [T]he fundamental rule of pleading [is that] the facts must be so stated as to fairly apprise the court and the defendant of the nature of the cause of action upon which plaintiff relies. If the facts are sufficient in substance, but deficient in detail, the defendant's remedy is not by demurrer, but by motion for a bill of particulars.

*Miller v. Grier S. Johnson, Inc.*, 191 Va. 768, 776, 62 S.E.2d 870, 874 (1951). It is apparent that, in the context of slander actions, demurrers, sustained with leave to amend, often serve the role a bill of particulars would serve in other causes of action.

While the Court also agrees with the Defendant that a default judgment based upon a substantively deficient motion for judgment should be set aside, it is less clear that absence of "exact words" in slander actions is so substantive as to require that result — despite the treatment of such absences via demurrer. The basis for denying or vacating default judgments where substantive deficiencies appear in a motion for judgment is simply that, by failing to answer, a defendant admits only to the truth of those facts actually pleaded. *See e.g., Lowe's of Raleigh, Inc. v. Worlds*, 166 S.E.2d 517, 518 (N.C. Ct. App. 1969) ("A default judgment admits only the averments in the complaint, and the defendant may still show that such averments are insufficient to warrant the plaintiff's recovery."); *cf. St. Paul Mercury Ins. Co. v. Nationwide Mut. Ins. Co.*, 209 Va. 18, 21, 161 S.E.2d 694, 697 (1968) (failure to answer constituted an admission of all material facts pleaded, but not the legal conclusions drawn from those facts). However, in cases applying this principle to vacate previously entered judgments, there are critical elements of a cause of action missing.

In *American Credit Co. v. Stuyvesant Ins. Co.*, 173 S.E.2d 523 (N.C. Ct. App. 1970), the court of appeals upheld a trial judge who vacated a default judgment because the motion for judgment, sounding in contract, failed to allege "valuable consideration," *id.* at 526, and failed under a third-party beneficiary theory because it failed to allege an intended third-party beneficiary at the time the subject insurance policy was issued. *Id.* at 527. In *Mutual Sav. & Loan Ass'n v. McKenzie*, 266 S.E.423 (S.C. 1980), the court vacated a default judgment because two of the required nine elements necessary to state a cause of action for fraud and deceit had not been alleged in the motion for judgment. *See id.* at 425 (noting that pleadings alleged neither defendant's intent that false representations be acted upon nor the plaintiff's ignorance of the falsity of the representations). In *Chandler v. Yeager*, 23 Va. Cir. 103 (Fairfax County Cir. Ct. 1991), the court refused to grant default judgment to the plaintiff in a legal malpractice suit, based upon an allegedly mishandled appeal, because the motion for judgment failed to allege the likelihood of success had an appeal been timely filed thus, failing to allege a critical fact in support of any damage claim. *See id.* at 105. Finally, in an example of extreme overreach, in *Lowe's of Raleigh, Inc.*, 166 S.E.2d 517, default judgment was had against both Willis and Lois Worlds. Lois Worlds asked the trial court to set aside the default judgment against her because the

essential elements of the motion for judgment referred only to the male defendant. Although the trial court denied the motion to vacate, the court of appeals reversed that ruling, noting, essentially, that facts alleged against only one defendant cannot support default judgment against a second. *See id.* at 519.

If the case at bar simply turned on the question of "specific words" the Court would be reluctant to vacate the default judgment. Lack of specificity does not appear to create the same substantive absence that arises when a plaintiff fails to allege, in any fashion, a key element of a cause of action. Had this Court refused to set aside the instant default judgment on those grounds, opportunity might have been provided to the Virginia Supreme Court to answer the question looming in the background of this case: "When, if ever, is a Demurrer really just a request for a Bill of Particulars?" However, the Court will set aside this default judgment based solely on the peculiar facts of this case. The Motion for Judgment makes it clear that the allegations of slander, for which the Plaintiff wishes to hold the Defendant liable, are, in all instances, based upon statements made by agents of the Defendant. For the corporate defendant in the instant case to be liable, those statements must have been made by the agents within the scope of their agency. *See Thalhimer Bros. v. Shaw*, 156 Va. 863, 875–76, 159 S.E. 87, 92 (1931) (court noted, in libel case, that master liable for negligent acts of servants while acting within the scope of their employment); *cf. Jordan v. Melville Shoe Corp.*, 150 Va. 101, 107, 142 S.E. 387, 388 (1928) ("[A] corporation, as any other master, is liable in damages under the statute for insulting words uttered by its agent while engaged in the ordinary course of his employment . . . .").

Paragraphs One through Four of the Plaintiff's Motion for Judgment, in which the essential factual allegations are set forth, while alleging that Standard's agents "publicly accused plaintiff of failing to electronically tabulate their purchases and converting the funds tendered to her own personal use," failed to allege that those initial accusations were made by the agents while engaged in the ordinary course of their agency. Paragraph Five does allege that the initial allegations were republished by the agents, over the course of several months, while "acting within the scope of their employment." The difficulty with these critical five paragraphs, incorporated into each of the individual counts of the Motion for Judgment, is that Paragraphs Four and Five each lack essential allegations.

Paragraph Four does make clear the essence of the allegedly slanderous statements, and, under a liberal reading of the "exact words" requirements of *Federal Land Bank*, might be sufficient to support a default judgment. However, no allegation is made that those initial statements were made within the scope of the involved agency relationship — a fatal absence in assessing the sufficiency of a motion for judgment against a principal for an agent's alleged slander. *See Guilliams v. Hollywood Hosp.*, 114 P.2d 1, 5 (Cal. 1941) ("If plaintiff had alleged a specific negligent act by a particular employee as a foundation of his cause of action against the . . . employer, such an allegation as to scope of employment might be necessary."). Paragraph Five recites the necessary "scope of employment" language, but is woefully deficient in stating the language of the allegedly slanderous republications. The allegations of Paragraph Five, standing alone, could not survive even a liberal application of *Federal Land Bank*.

Were the Court dealing with a cause of action in which true "notice pleading" were sufficient, Paragraphs Four and Five, read together, would likely be sufficient to survive a motion to vacate a default judgment (or a timely demurrer). However, *Federal Land Bank* remains good law in Virginia and, until the Virginia Supreme Court has occasion to revisit the "exact words" requirement of that case, it is clear that *some* higher pleading standard is required for causes of action based upon slander. Because Paragraph Four fails to allege that Standard's agents were acting within the scope of their agency, and Paragraph Five is too vague in reciting the nature of the alleged slanderous republications, the Court finds that the pleading standard was not satisfied and that, accordingly, the Motion for Judgment failed to state a cause of action. Since all counts in the Plaintiff's Motion for Judgment flowed from the allegations of slander which the Court has now found deficiently stated, the default judgment entered by the Court on August 14, 1992, which effectively found Standard liable on all counts, will be vacated.[4]

---

[4] The Court also notes that, even evaluated alone, it is unlikely that the claim for intentional infliction of emotional distress could have survived demurrer. Although it makes the claims required to state a cause of action for such a tort, the Motion for Judgment fails to "'allege all *facts* necessary to establish'" the claim. *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d 160, 163 (1991) (emphasis added) (quoting *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989)).

In order that this case may proceed to trial, the Court will also grant leave to the Plaintiff to amend his Motion for Judgment to address the deficiencies discussed in this opinion. This will bypass the time-consuming steps of requiring the Defendant to ask leave of the Court to file a late Demurrer with the Court then sustaining the Demurrer with leave to amend.